PER CURIAM.
The Florida Board of Bar Examiners (the Board) petitions this Court to amend or adopt Rules Relating to Admissions to the Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The Board has petitioned to amend or create these rules: rule 1-63.6 (codifying the Board’s current practice of divulging certain information to third parties during a background investigation); rule 1-63.9 (codifying the Board’s current practice of making public the names of applicants who have been approved for admission); rule 2-13.1 and rule 3-22.7 (requiring a public formal hearing in readmission proceedings for attorneys who have been disbarred or who resigned pending disciplinary charges); rule 2-26.3 (increasing fee for registrants who convert their application more than five years after original registration); rule 3-14.3 (reducing defective filing fee); rule 3-14.6 (reducing the number of days for a registrant to respond to an inquiry from the Board from 120 to 90 days); rule 3-23.2 (adding provisions regarding an applicant’s procedural due process rights at a formal hearing and the level of proof arising from determinations and judgments of guilt for criminal offenses); rule 3-23.7 (requiring that disbarred attorneys or attorneys who have resigned pending disciplinary proceedings be readmitted only by public order of the Supreme Court, notwithstanding a favorable recommendation by the Board); rule 4-13 (allowing law students to sit for the Multistate Professional Responsibility Examination (MPRE)); rule 4-33.2 (raising the passing score on the MPRE); and miscellaneous housekeeping amendments.[1]
The proposed amendments were published in The Florida Bar News on December 1, 1997, with an invitation for comments. Comments were submitted as to the amendments to rule 2-13.1, requiring a public formal hearing in readmission proceedings for attorneys who have been disbarred or who resigned pending disciplinary proceedings, rule 4-13, allowing law students to sit for the MPRE, and rule 4-33.2, raising the passing score on that exam.
After consideration of the Board’s petition and the comments received as to the amendment to rule 2-13.1, we agree with the Board’s rationale and adopt that amendment *767 as proposed.[2] We also adopt, in modified form, the amendment to rule 4-33.2.[3] However, we decline to adopt the amendment to rule 4-13 at this time. The Florida Supreme Court Commission on Professionalism is currently studying the issue of allowing law students to sit for the MPRE and plans to make a recommendation in regard thereto in the near future.
As for the remaining proposed amendments and rules, we find that the Board’s rationale is. sound and, therefore, adopt them as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. These rules shall take effect upon the release of this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
1-63.8 Third Parties. The Board may divulge the following information to all sources contacted during the background investigation:
name
former names
date of birth
current address
Social Security number.
1-63.9 List of Candidates. Following the Board’s recommendation under Rule 5-10 and the Court’s approval for an applicant’s admission to The Florida Bar, such applicant’s name and mailing address shall be public information.
2-11.1 Educational Qualification. To be admitted into the Florida Bar Examination and ultimately recommended for admission to The Florida Bar, an applicant must have received the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school (as defined in 4-13.2) at a time when the law school was accredited or within 12 months of accreditation or be found educationally qualified by the Board under the alternative method of educational qualification. Except as provided in Rule 2-11.2, none of the following shall be substituted for the required degree from an accredited law school:
(a) private study, correspondence school or law office training;
(b) age or experience;
(c) waived or lowered standards of legal training for particular persons or groups.
2-11.3 — Unacceptable Educational Substitutes. None of the following shall be substituted for law school-training:
(a) private study,- correspondence school or law office training;
(b) age or experience;
(c) waived' or lowered- -standards of legal training for particular persons or groups.
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person who has been disbarred from the practice of law or has resigned pending disciplinary proceedings shall not be eligible to apply for a period of 5 years from the date of disbarment or 3 years from the date of resignation or such longer period as is set for readmission by the jurisdictional authority.
Once eligibility has been' established and following completion of the Board’s' background investigation, such person shall be required to appear for a formal hearing that is open to the public as provided by Rule 3-22.7.
2-26.3 Registrant Converter Fee. Applicants who registered with the Board as law students and who have not been admitted to the bar in any jurisdiction for a period in excess of 12 months excluding time spent in military service of the United States shall file with the initial application (Form 1-A or Form 2) the fee.of ■ $375.00applicable fee.
(a) Less than 5 years. If filed within 5 years of the filing date of the original appli *768 cation Sled under registrant status, a fee of $375 is applicable.
(b) More than 5 years. If filed more than 5 years since the filing of the original application filed under registrant status, registrant status is void and the full application fee of $875 (less registrant fee previously paid) is applicable as set forth in Rule 2-26.2.
2-29 Stale File Fee. Applicants whose Bar Application has been on file for more than 3 years shall be required to file a new Bar Application answering each item for the period of time from the filing date of the last application filed to the date of the filing of the new application including submitting current references, a fingerprint card, and the applicable fee.
(a) If within 5 Years. If filed within 5 years of the filing date of the last application filed, a fee of $425.00 is applicable.
(b) If more than 5 Years. If filed more than 5 years after the filing date of the last application filed, the full application fee under 2-26.32 or 2-26.54 above is applicable.
3-14.3 Defective Applications. A bar application initially filed in a defective condition, e.g., without notarization, without supporting documents, or having blank or incomplete items on the application may delay the initiation or the processing of the background investigation. Bar applications (Form 1 or Form 2) filed in a defective condition shall be accepted but a fee of $250.00$100.00 shall be assessed.
3-14.6 Noncompliance.
(a) An applicant’s failure to respond to inquiry from the .Board within 90 days may result in termination of the applicant’s bar application and require reapplication and payment of all fees as if the applicant were applying for the first time.
(b) A registrant’s failure to respond to inquiry from the Board within 42090 days may result in cancellation of the registrant’s application and require full payment of the student registration fee.
3-21.1 Refusal of Subpoena Noncompliance with Subpoena Issued by the Board. Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear to testify before the Board or to answer any questions, or to produce such books, papers or documents, such person may be in contempt of the Board. The Board shall report the fact that a person under subpoena is in contempt of the Board for such proceedings against such person as the Court may deem advisable.
3-22.7 Public Hearing for Disbarred/Resigned Attorneys. All applicants who have been disbarred from the practice of law or have resigned pending disciplinary proceedings shall appear before a quorum of the Board for a formal hearing. Such formal hearing shall be open to the public and the record produced at such hearing and the Board’s Findings of Fact and Conclusions of Law shall be public information and exempt from the confidentiality provision of Rule 1-6L
3-23.2 Formal Hearing. Any applicant or registrant who is the recipient of Specifications is entitled to a formal hearing before the Board, representation by counsel at his or her own expense, disclosure by the Office of General Counsel of its witness and exhibit lists, cross-examination of witnesses, presentation of witnesses and exhibits on his or her own behalf, and access to the Board’s subpoena power.
Upon receipt of the answer to Specifications, notice of the dates and locations available for the scheduling of the formal hearing on the Specifications shall be provided. Formal hearings shall be conducted before a quorum of the Board which shall consist of not less than 5 members. The formal hearing panel shall consist of members of the Board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant or registrant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. A judgment of guilt to either a felony or misdemeanor shall constitute conclusive proof of the criminal offense(s) charged. An order withholding adjudication *769 of guilt of a charged felony shall constitute conclusivé proof of the criminal offense(s) charged. An order withholding adjudication of guilt of a charged misdemeanor shall be admissible evidence of the criminal offense(s) charged. The admissibility of results of a polygraph examination shall be in accordance with Florida law.
3-23.6 Board Action Following Formal Hearing. Following the conclusion of a formal hearing, the applicant or registrant shall be notified promptly by the Board of its decision which shall include one of the following recommendations:
(a) that the applicant or registrant has established his or her qualifications as to character and fitness;
(b) that the applicant be conditionally admitted to The Florida Bar in exceptional eases involving drug, alcohol or psycholpgical problems upon such terms and conditions .as are specified by the Board;
(c) that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed 2 years. At the end of the specified period of time, the Board shall recommend the applicant’s admission providing the applicant has complied with all special conditions outlined in the Findings of Fact and Conclusions of Law;
(d) that the applicant or registrant has not established his or her qualifications as to character and fitness. In cases involving material omissions or misrepresentations in the application process, the Board may within its discretion further recommend that the applicant or registrant be disqualified from filing with the Court-a-petition for rehabilitation for a period greater than 2 years up to 5 years.
3-23.7 Findings of Fact and Conclusions of Law. In cases involving a recommendation other than (a) above, the Board shall expeditiously issue its written Findings of Fact and Conclusions of Law. The Board’s findings, conclusions and recommendation shall be subject to review by the Court as specified under Rule 3-40.
The Board’s findings, conclusions and recommendation shall be final if not appealed except in cases involving a favorable recommendation for applicants seeking readmission to the practice of law after having been disbarred or having resigned pending disciplinary proceedings. In those cases, the Board shall file a report containing its recommendation with the Court for final action by the Court. Admission to The Florida Bar for such applicants shall only occur by public order of the Court. All reports, pleadings, correspondence, and papers received by the Court in such cases shall be public information and exempt from the confidentiality provision of Rule 1-61.
4-23.1 Transfer of Score. A score achieved by an applicant on the Multistate Bar Examination administered in a jurisdiction other than the State of Florida shall not be transferred to or recognized by the Board.
4-33.2 Pass/Fail line. ■ On the MPRE, each applicant must attain a scaled score of 70 or better if the MPRE is taken before January 1, 1999, a scaled score of 75 or better if the MPRE is taken during calendar year 1999, or a scaled score of 80 or better if the MPRE is taken after December 31,1999, or such scaled score as may be fixed by the Supreme Court of Florida.

. Rule 2-11.1 and 2-11.3 (rejoining provisions separated by the recent reconfiguration of the rules); rule 2-29 (correcting incorrectly referenced rules); rule 3-21.1 (revising title); rule 3-23.6 (removing language referencing previously deleted requirement that persons denied admission by the Board file a petition with the Court for rehabilitation); and rule 4-23.1 (reinserting unintentionally deleted rule).

. We agree with the Board that this amendment should be applied only to applications for readmission received after the effective date of this amendment.

. The proposed language of the amendment was revised for clarity.