PER CURIAM.
The Florida Board of Bar Examiners (the Board) petitions this Court to amend the Rules of the Supreme Court Relating to Admissions to the Bar. We have juris *436 diction. See Art. V, § 15, Fla. Const. We approve the proposed amendments as set forth in the attached Appendix.
The Board has petitioned to amend Rule 4-13 of the Rules of the Supreme Court Relating to Admissions to the Bar. This proposed amendment would allow bar applicants to take the Multistate Professional Responsibility Examination (MPRE) prior to graduation from law school. Due to the practical import of this amendment, the Board also petitions this Court to amend Rule 4-33.1 by deleting the language in that rule that indicates that MPRE scores attained prior to completion of law school educational requirements will not be accepted. Also in connection with the proposed amendment to Rule 4-13, the Board petitions this Court to amend the following rules to the extent that they refer to the Florida Bar Examination, as opposed to the General Bar Examination: Rule 2-11.1, Rule 2-13, and Rule 4-64.[1]
The proposed amendments were published in The Florida Bar News on June 15, 1999, with an invitation for comments. Attorney William Reece Smith, Jr.[2] filed a comment in response to the proposed amendment of Rule 4-13. Mr. Smith argues that allowing students to take the MPRE while still in law school sends the wrong message to students, legal professionals, and clients. Specifically, Mr. Smith contends that accelerating testing on professional responsibility matters during law school, while delaying testing of substantive matters until after graduation, devalues the former in favor of the latter. Smith also argues that the in-school MPRE would be disruptive of the law school’s academic environment in that it will disrupt students’ studies; affect the scheduling and content of courses; and, if the change is to become effective immediately, not allow instructors sufficient time to incorporate new developments into their courses. After much consideration, as well as input from the Florida Supreme Court Commission on Professionalism,[3] certainly we understand and appreciate the thoughtful concerns expressed but conclude that the benefits of the changes are more compelling.
First, prior to the amendment, professional responsibility was tested after substantive matters. It does not necessarily follow that professional responsibility will be devalued if students are permitted to take the MPRE' while still in law school. Indeed, it may place a greater emphasis on ethics if the subject is tested prior to the testing of substantive matters. In addition, it is difficult to imagine why professional responsibility will be devalued when, even if students take the MPRE while in school, professional responsibility is also subject to testing during Part A of the General Bar Examination.[4] In fact, professional responsibility has been tested during Part A of the General Bar Examination seven *437 times during the past five years.[5] Thus, students cannot simply dismiss the subject of professional responsibility after they complete an in-school MPRE, as Mr. Smith contends.
Second, taking the MPRE while in law school.will be no more disruptive than job interviews, law review, moot court or any of the other major student activities. Law students are not only accustomed to balancing their time, it is a necessary lesson to learn as a student.
Moreover, it is not clear that allowing students to sit for the MPRE prior to graduation will affect the methods utilized by law schools to structure the curriculum or the manner in which professors structure their courses. In any event, law schools are in the best position to establish their pedagogical goals; thus, they should be able to create a curriculum that would establish, as a practical matter, the earliest date when a student would sit for the MPRE. As for instructors not having sufficient time to incorporate changes in the ethics field into their courses, we are confident that professors are consistently complying with their continuing duty to stay abreast of recent developments in this area. Also, it is important to note that simply because students may take the MPRE while still in school does not necessarily translate into transforming law school ethics courses into bar preparation courses.
Lastly, and of critical importance, allowing students to take the MPRE prior to graduation merely gives students more flexibility. Students will not be required, to take the MPRE prior to graduation; they will simply have the option to do so.
Accordingly, we amend and adopt the rules as reflected in the Appendix to this opinion. Underscoring indicates new language; strike-through type indicates deletions. The Board’s rationale is included only for explanation and guidance and is not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
Rule 2-11.1 is amended to read:
2-11.1 Educational Qualification. To be admitted into the Florida General Bar Examination and ultimately recommended for admission to The Florida Bar, an applicant must have received the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school (as defined in 4-13.2) at a time when the law school was accredited or within 12 months of accreditation or be found educationally qualified by the Board under the alternative method of educational qualification. Except as provided in Rule 2-11.2, none of the following shall be substituted for the required degree from an accredited law school:
(a) private study, correspondence school or law office training;
(b) age or experience;
(c) waived or lowered standards of legal training for particular persons or groups.
Rule 2-13 is amended to read:
2-13 Prohibitions Against Application. No person shall be eligible to apply for admission to The Florida Bar or for admission into the Florida General Bar Examination unless the time period as indicated below has expired or the required condition or status has been met.
Rule 4-13 is amended to read:
4-13 Educational Qualifications. In order to submit to any por-tion part of the Florida General Bar Examination an appli *438 cant must be able to provide evidence at the time of submission to the General Bar Examination of receipt of, or completion of the requirements for, the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school or be found educationally qualified under the alternative method of educational qualification as provided in Rule 2-11.2. The law degree must have been received from an accredited law school or within 12 months of accreditation. An applicant may sit for the MPRE prior to graduation from law school; however, the requirements of Rule 4-18.1 are applicable.
Rule 4-33.1 is amended to read:
4-33.1 Transfer of Score. The applicant shall direct requests to transmit the score attained on the MPRE to the agency that administers the MPRE. Scores are transmitted on a certificate supplied by the agency and should be forwarded directly by that agency to the Board. MPRE' scores attained-by-an-appMeant-pmr to the applicant’s completion of -law-sehoel-edu-cational-requirements as set out in-Rule 4-13 shall-not. be accepted.
Rule 4-64 is amended to read:
4-64 Invalidation of Examination Results. Results of the Florida General Bar Examination shall be invalidated if the applicant fails to establish that the law school graduation requirements were completed before the applicant submitted to the Florida General Bar Examination.
RATIONALE:
In Florida Board of Bar Examiners re Amendment to Rules, 548 So.2d 235 (Fla.1989), the Board petitioned the Court for a rule change that would authorize bar applicants to submit to the Multistate Professional Responsibility Examination (MPRE) prior to graduation from law school, but within twenty-five months of successful completion of the other parts of the Florida Bar Examination.
The Board reasoned that the MPRE measured examinees’ knowledge of established ethical standards governing the legal profession rather than testing their technical competence. Because the MPRE is an awareness test that covers the narrow subject of American Bar Association ethical standards, the Board believed that taking the examination during law school would have little or no adverse impact upon students’ studies.
The Court recounted arguments advanced by the deans of Florida law schools in opposition to the Board’s proposal. The deans argued that their law students would devote less time than usual to their law school course work throughout the weeks preceding the MPRE, and that because of the scheduling of the MPRE, students would most certainly miss some law school classes in order to take the examination. The Court rejected the proposal, concluding that the benefits to be obtained by permitting students to take the MPRE while still in law school did not outweigh the possibility that their law studies might be adversely affected.
In September 1996, the Board held a workshop to examine the existing components of the Florida Bar Examination and to consider possible components of the bar examination of the future. A Task Force,, comprised of members of the Board, was formed to follow-up on suggestions considered during the workshop.
In preparation for the workshop, a survey was administered to the applicants sitting for the July 1996 General Bar Examination. The survey included items about the length of the examination; the subject matter included on the examination; alternate testing formats including open book examinations and performance test examinations; and a request for any comments applicants might have with regard to the administration of the examination. The survey results revealed that the most frequently noted comment was that applicants should be permitted to take the MPRE while in law school.
The Task Force recommended to the full Board a proposed rule amendment *439 that would permit law students to take the MPRE before completion of graduation requirements if the Florida law school deans agreed that they would not oppose this petition as they previously did in 1989. In January 1997, the Board wrote to the Florida law school deans requesting their input on such proposal.
Dean Donald J. Weidner of the Florida State University College of Law, by letter dated January 29, 1997, stated that he would not oppose a change permitting law students to take the MPRE while in school, but. stated that the professional responsibility faculty would prefer that students take the MPRE during the summer rather than during the regular academic year.
Associate Dean Gail E. Sasnett of the University of Florida College of Law, by letter dated February 11, 1997, stated that the administration supported allowing students to take the MPRE while they are still in school.
Dean Lizabeth A. Moody of Stetson University, by letter dated February 25, 1997, advised that the faculty members who taught professional ethics were polled; they unanimously opposed having their students take the MPRE prior to graduation. She stated that the faculty members felt that permitting students to take the examination while in law school would constitute a major disruption in their studies and might also deflect their attention from professional responsibility questions that are raised in other courses once they had completed the MPRE.
Dean Joseph D. Harbaugh of Nova Southeastern University, by letter dated March 6, 1997, confirmed his support for allowing law students to sit for the MPRE.
Associate Dean Jay Silver of St. Thomas University School of Law, by letter dated June 27, 1997, expressed his “appreciation for the thoughtful intent behind the proposal.” Dean Silver recommended that students be allowed to take the MPRE following completion of their law school course on professional responsibility during either their second or third year of law school.
Dean Samuel C. Thompson, Jr. of the University of Miami School of Law verbally reported that he had no objection to the Board’s proposal.
At the February 12, 1997, Select Committee meeting, Dean Joseph Harbaugh of Nova Southeastern University stated that he supported the Board’s proposal to accept MPRE results from students while they are still in law school. Former Dean Jeffrey E. Lewis of the University of Florida spoke against the proposal to permit students to take the MPRE prior to graduation, listing the following reasons: (1) the symbolism of splitting the ethics portion from the rest of the exam is not a good one; (2) it is disruptive to academic classes; (3) it affects when students take the ethics course; and (4) why allow early testing if the only reason to do so is that everyone else is doing the same. The position of Dean Lewis prevailed with the Select Committee, and the, Committee’s draft of its report to the Supreme Court includes a recommendation that graduation be required before taking any part of the General Bar Examination.
The Board’s proposal was also considered by the Student Education and Admissions to the Bar Committee (a standing committee of The Florida Bar) at its June 27, 1997, meeting. By a vote of 16 to 1, the Committee endorsed the change to allow law students to take the MPRE prior to graduation.
In October 1997, the Board petitioned the Court to amend several rules of the Rules of the Supreme Court Relating to Admissions to the Bar, including a proposal to allow law students to take the MPRE.
By opinion issued on June 4, 1998, the Court declined to adopt the Board’s recommended rule amendment that would authorize law students to take an in-school MPRE. Florida Board of Bar Examiners re Amendment to Rules, 712 So.2d 766 *440 (Fla.1998). In so ruling, the Court reasoned: “The Florida Supreme Court Commission on Professionalism is currently studying the issue of allowing law students to sit for the MPRE and plans to make a recommendation in regard thereto in the near future.” Id. at 767.
At its meeting on February 18, 1999, the Commission on Professionalism discussed whether law students should be allowed to sit for the MPRE prior to graduation. Dean Richard A. Matasar of the University of Florida College of Law spoke in favor of the proposal and William Reece Smith, Jr. spoke in opposition. By a vote of 10 to 8, the Commission voted in favor of the proposal.
The proposed rule amendments would be in line with most other jurisdictions that administer the MPRE. During 1993-94, 37 jurisdictions responded to a Committee of Bar Admission Administrators’ survey, and indicated that their applicants were allowed to take the MPRE while in law school. Furthermore, allowing applicants to take the MPRE while in law school would permit them more flexibility in selecting a convenient place and time for the examination.
If approved, the proposed rule amendments would still require compliance with Rule 4-18.1. Such rule requires the successful completion of all portions of the bar examination (including the MPRE) within 25 months. Thus, law students will defer taking the MPRE until the later part of their law school education. The 25 month rule will also ensure that individuals practicing law in a foreign jurisdiction for a number of years will be required to demonstrate their current knowledge of legal ethics and the rules of professional conduct by taking and passing the MPRE along with the other parts of Florida’s bar examination.
The adoption of the Board’s proposal will coordinate with the adoption of new test specifications for the MPRE adopted by the National Conference of Bar Examiners. Such specifications became effective with the March 1999 administration of the MPRE and provide for a more relevant and comprehensive coverage of ethical and professional issues facing members of the legal profession. The MPRE will now “be based on the law governing the conduct of lawyers, including the disciplinary rules of professional conduct currently articulated in the ABA Model Rules of Professional Conduct, the ABA Code of Judicial Conduct, as well as controlling constitutional decisions and generally accepted principles established in leading federal and state cases and in procedural and evidentiary rules.” National Conference of Bar Examiners, The MPRE 1999 Information Booklet 2.
The importance of legal ethics and professionalism will also continue to be emphasized by the Board. For example, Rule 4-33.2 increases the minimum passing score on the MPRE from 70 to 75 in 1999, and then to 80 after 1999. As authorized by Rule 4-22, the Board will continue to test regularly on the rules of The Florida Bar pertaining to professional conduct and trust accounts in essay questions under Part A of the General Bar Examination. Lastly, bar applicants in Florida will still be required to certify under oath that they have read Chapter 4 (Rules of Professional Conduct) and Chapter 5 (Rules Regulating Trust Accounts) of the Rules Regulating The Florida Bar. See Fla. Bar Admiss. R. 3 — 14.1(f).

. The Florida Bar Examination is composed of (1) the General Bar Examination and (2) the MPRE. Because, under the proposed amended rules, students may sit for a portion of the Florida Bar Examination prior to graduation (i.e., the MPRE), it is necessary to change Rules 2-11.1, 2-13, and 4-64, so that they read "General Bar Examination” rather than "Florida Bar Examination.”

. Mr. Smith is a former president of The Florida Bar and the American Bar Association. He has also taught professional responsibility at Stetson University College of Law on a regular basis since 1991.

. At its meeting on February 18, 1999, the Commission approved a motion to report to the Court that it favored allowing students the option of taking the MPRE while in law school by a 10-3 vote. Dean Richard A. Mata-sar of the University of Florida College of Law presented the arguments in favor of the amendment. Attorney William Reece Smith, Jr., presented the arguments in opposition to the amendment.

.The General Bar Examination is subdivided into Part A and Part B. During Part A, students may be tested on Chapter 4, the Rules of Professional Conduct and Chapter 5, the Rules Regulating Trust Accounts, of the Rules Regulating the Florida Bar. See Fla. Bar Ad-miss. R., rule 4.

. Professional responsibility issues appeared during Part A of the July 1994, July 1995, February 1996, July 1996, February 1997, July 1998, and July 1999 administrations of the General Bar Examination.