PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Rules of the Supreme Court Relating to Admissions to the Bar (rules). We have jurisdiction, see art. V, § 15, Fla. Const., and, with minor modifications, adopt the proposed amendments.
The Florida Board of Bar Examiners (Board) petitions the Court to make numerous amendments to the rules. The proposed amendments were published in The Florida Bar News on August 1, 2006. No comments were received.
Many of the proposed amendments are minor changes to make the rules consistent with current style preferences. The Board also proposes substantive amendment of many of the rules. The major substantive changes the Board proposes are: (1) to combine the application for admission with the application to take the bar exam into one application; (2) to establish a given date as a deadline for the submission of a registrant’s application for a reduced fee rather than a deadline based on the number of days from the commencement of a registrant’s law school education; (3) to change the deadlines for applying to sit for the bar examination; (4) to eliminate the provision allowing an applicant to file an application to sit for the bar examination after the deadline; and (5) to provide that all applications must be completed and submitted online.
Several rules were amended to use the new terminology for the unified Bar application or to reflect substantive changes made to other rules. Several rules were essentially renumbered, in situations where a current rule was deleted but its language was revised and either put into a preexisting rule or into a newly created rule. For example, rule 2-26.1 is deleted and its language is put into the new rule 2-23.1.
The substantive amendments are briefly summarized below.
Rule 2-13.5 Found Unqualified by Board. The rule is amended to allow a person who has been denied admission to apply to sit for the general bar examination during the two-year period of disqualification. This amendment conforms the rule to this Court’s decision in Amendments to the Rules of the Supreme Court Relating to Admissions to the Bar, 695 So.2d 312, 314 (Fla.1997).
Rule 2-14 Reapplications for Admission. The rule is amended to clarify that reapplications for admission must be submitted online via the Board’s website and to bring it into conformance with amendments made to the other rules.
Rule 2-21 Applications and Rule 2-21.1 Exam Application. These rules consolidate the separate bar admission and examination applications currently required into a single application. Rule 2-21 is also amended to require an applicant to apply online.
Rule 2-21.2 Bar Application and Rule 2-21.3 Registration. Rule 2-21.2 is renamed “Registration”; the language currently in rule 2-21.3 pertaining to the registration of law students is moved to rule 2-21.2 and rule 2-21.3 is deleted. New language requiring the Registrant Bar Application to be completed and submitted online is also added to rule 2-21.2. The statement that a character and fitness investigation may take six to eight months is deleted because it is no longer accurate. The average length of character and fitness investigations is currently less than six to eight months.
Rule 2-22 Deadline for Filing a Bar Application. This rule is renamed “Char *879 acter and Fitness Investigation.” The amended language specifies that the character and fitness investigation will be conducted once a Bar Application or a Registrant Bar Application is received and will be updated once a Supplement to Registrant Bar Application is received. The language in the rule made obsolete by our adoption of a single bar application is deleted.
Rule 2-23 Forms for Application. We are deleting the language in the rule made obsolete by our adoption of the amendment to rule 2-21 (requiring all applicants for admission to The Florida Bar to apply online). The provisions of rules 2-25 and 2-26 are moved into rule 2-23 and the rule is renamed “Application Fees.”
Rule 2-23.1 Student Registrant Fee. The fee structure for registration with the Board by law students is relocated from rule 2-26.1 to this new rule 2-23.1. The new rule also changes the existing deadlines. Under the current rule, calculating the various deadlines for registration by law students begins from the date of “commencement of the study of law as certified by the law school.” Law schools, Florida’s included, commence classes on different dates and, therefore, the rule’s means of establishing deadlines resulted in different deadlines for students attending the various schools. The new rule 2-23.1 has two fixed-date deadlines that are applicable to all law students who commence their legal education during a particular time of year (fall, winter, or spring). For example, under the new rule 2-28.1, all students beginning law school in August or September will have a deadline of January 15 of the following year to receive the discounted fee of $75.
These fees and deadlines are not to be confused with the fees and deadlines found in Rule Regulating the Florida Bar 11-1.3 applicable to certified legal intern registration. See In re Amendments to Rules Regulating Fla. Bar re Chapter 11 Task Force, 964 So.2d 690 (Fla.2007). The certified legal intern registration form, although it is filed with the Florida Board of Bar Examiners and may request some of the same information concerning a registrant’s background as the Bar Application or a Registrant Bar Application, serves the sole purpose of triggering the background investigation necessary for the issuance of a clearance letter by the Board that will allow the certified legal intern registrant to participate in a law school practice program. The certified legal intern registration form is not the application for admission to The Florida Bar. Law school students who seek to participate in a law school practice program and who also intend to apply for admission to The Florida Bar should complete and file a Registrant Bar Application, as that application will accomplish both purposes.
Rule 2-24 Credit for Payment for Forms. This rule is deleted as obsolete in light of our amendment of rule 2-21, as hard copies of application forms will no longer be used.
Rule 2-28 Application Fee for Reapplication for Admission Based on Rehabilitation. Rule 2-28 is amended to clarify that it applies to applicants who were denied admission and that denial can occur by a Consent Judgment authorized by rule 3-23.9.
Rule 2-29 Stale File Fee. When a stale application has been on file with the Board for over five years, the Board will need to conduct a considerable investigation to update its original investigation for that application. This rule is amended to require repayment of the initial fee under these circumstances. The amendment also clarifies that the rule applies to disbarred attorneys under rule 2-23.6.
*880 Rule 2-30.2 Filed with the Court. The amendment clarifies the types of pleading's that are to be filed with the court and served on the parties. The amendment also establishes deadlines for serving the different pleadings.
Rule 3-14.1 Filed as an Applicant and Rule 3-14.2 Filed as a Registrant. The language requiring applicants to provide the Board with transcripts from all postsecondary institutions ever attended is deleted. These transcripts can be requested on a case-by-case basis, if needed. Language concerning the availability of application-related forms is also deleted because applications must be completed and submitted online and paper forms will no longer be used.
Rule 3-23.1 Failure to File the Answer. The rule is amended to establish a twenty-day deadline for an applicant to file an answer to Specifications.
Rule 3-40.1 Dissatisfied with Board’s Recommendation. The amendment identifies the types of pleadings that are to be filed with the Court and served on the parties in the event an applicant is dissatisfied with the Board’s determination concerning his or her character or fitness. The amendment also establishes deadlines for serving the different pleadings.
Rule 3-40.2 Dissatisfied with Length of Board’s Investigation. The rule is amended to identify the types of pleadings that are to be filed with the Court and served on the parties in the event an applicant is dissatisfied with the length of the Board’s background investigation. The amendment also establishes deadlines for serving the different pleadings.
Rule 4-13.1 Educational Qualifications. The amendments authorize law students to take the Multistate Professional Responsibility Examination (MPRE) prior to graduation subject to the requirements of rule 4-18.1. This amendment incorporates the Court’s holding in Amendments to the Rules of the Supreme Court Relating to Admissions to the Bar, 762 So.2d 435 (Fla.2000). The second sentence is amended to require an applicant to complete the requirements for graduation from law school or be found educationally qualified under rule 4-13.4 in order to take any portion of the General Bar Examination. Rule 4-11 establishes that the Florida Bar Examination is comprised of the General Bar Examination and the MPRE, therefore, this change in wording is necessary to make the second sentence consistent with the first sentence, which allows law students to take the MPRE before graduation.
Rule 4-16 Publication of Examination Topics and Study Materials. Language stating that an informational booklet about Part B will be provided with the ticket of admission to the Bar examination is deleted as obsolete. The informational booklet regarding the Multistate Bar Examination (MBE) is available free on the Website of the National Conference of Bar Examiners (NCBE) that produces the MBE. Information about the MBE and a link to the NCBE’s website are located on the Board’s website.
Rule 4-16.1 Part A Examination Study Guide. Language stating that the Board’s bar examination study guide is available from the Board for a $25 fee is deleted. The guide is available for free on the Board’s website.
Rule 4-17.1 Accommodations. Language is added stating that the Board provides test accommodations at no additional cost to applicants in accordance with the Americans with Disabilities Act.
Rule 4-17.2 Requests for Test Accommodations. Language is added stating that forms requesting test accommodations are available on the Board’s website. The amendment also adds references to *881 the specific rules pertaining to deadlines and late filing fees.
Rule 4-25 Submission Methods; Rule 4-25.1 Overall Method; Rule 4-25.2 Individual Method; and Rule 4-25.3 Retention of Passing Status. The provisions in rules 4-25.1 and 4-25.2 are moved into rule 4-25. The provisions in rule 4-25.3 are moved into rule 4-25.1. Rules 4-25.2 and 4-25.3 are deleted.
Rule 4-26.2 Pass/Fail Line and Rule 4-33.2 Pass/Fail Line. Language pertaining to the pass/fail line in 2003-2004 for the General Bar Examination is deleted from these rules as obsolete.
Rule 4-42.4 Cutoff for Test Accommodations. The rule is amended to establish new deadlines for requesting test accommodations. The deadline for the February bar examination is moved from February 1 to January 15. The deadline for the July bar examination is moved from July 1 to June 15.
Rule 4-43 Filing After the Deadline; Rule 4-43.1 $100.00; Rule 4-43.2 $275.00; Rule 4-43.3 $525.00; and Rule 4-43.4 $1000.00. We amend rules 4-43.1 and 4-43.2 and delete rules 4-43.3 and 4M3.4 to revise the deadlines and fees for applying to sit for the bar examination after the established deadlines. The current rules have four different deadlines and corresponding late filing fees for applicants who file untimely applications for admission to a particular administration of the bar examination. The amendments to rules 4-43.1 and 4-43.2 and the deletion of rules 4-43.3 and 4-43.4 simplify these deadlines and late fees by reducing the deadlines from four to two and by eliminating the late filing fees of $100 and $1000.
Rule 4-45 Typing Accommodations. Obsolete language pertaining to the past practice of allowing the use of typewriters during the bar exam is deleted and language allowing the use of laptop computers is added.
Rule 4-46 Examination Postponement. The rule is amended to provide that applicants who untimely request postponement of the taking of the bar exam or who fail to appear for the bar exam for which they were issued a ticket of admission are required to reapply under rule 4-48 and pay the reapplication fee.
Rule 4-48 Examination Reapplication. The rule is amended to provide that applicants who untimely request postponement of the taking of the bar exam or who fail to appear for the bar exam for which they were issued a ticket of admission are required to reapply and pay the reapplication fee.
Rule 4-51.1 Use of Unauthorized Materials. Additional items are added to the list of materials that are prohibited in the exam room during the administration of the bar exam.
Accordingly, we amend the Rules of the Supreme Court Relating to Admission to the Bar as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by struek-through type. These amendments shall take effect on May 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 1. GENERAL
1-10 Authority and Mission.
1-11 [NO CHANGE]
1-12 Florida Board of Bar.Examiners. The-Elorida Board-ef Bar-Examiners-is-an administrative arm-of the-Supreme-Court of Florida created-by the Court to handle matters relating to- bar admissiomRules. *882 The Rules of the Supreme Court Relating to Admissions to the Bax- are reviewed, approved, and promulgated by the Supreme Court of Florida. Modifications to the rules require the filing of a petition with the Supreme Court of Florida and subsequent order by the court.
1-13 Rules. The Rules of the Supreme Court-Relating to Admissions-to-the-Bar are reviewedy-appi-oved-and -promulgated by the-Supreme- Court of Florida- — Modifications to-the-Rules-require the fili-ng-of-a petition with the Su-pi-eine-Court of Florida and subsequent order by the Court.Florida Board of Bar Examiners. The Florida Board of Bar Examiners is an administrative agency of the Supreme Court of Florida created by the court to implement the rules relating to bar admission.
1-14 Background Investigations.
1-14.1 Purpose. The primary purpose purposes of the character and fitness screeninginvestigation before admission to The Florida Bar isare to protect the public and safeguard the judicial system.
1-14.2 Responsibility. The -Board' shall board must ensure that each applicant has met the requirements of the Suiesrules with regard to character and fitness, education, and technical competence prior to recommending an applicant for admission.
1-15 Bar Examination.
1-15.1 [NO CHANGE]
1-15.2 Responsibility. The Board-shall feeboard is responsible for the prepara-tioaypreparing, administering, and gradin-gand-conducting of written examinations7 and. Board members thereof shallmust be willing and available to discuss with applicants general-problems regar-dl-ngthe purposes, policies, and procedures of the examination admissions process.
1-16 Admission Recommendations. Following each of its meetings, the Board-shallboard will recommend the admission of every applicant who has complied with all the requirements of the applicable rules, who has attained passing scores oh the examination, and who has demonstrated the requisite character and fitness of-an applicant for admission.
1-20 Florida Board of Bar Examiners.
1-21 Membership. The Florida Board of Bar Examiners consists of twelve!2 members of The Florida Bar and three3 public members of the general-public who are not lawyers.
1-22 Attorney Members.
1-22.1 Qualifications. Attorney members shallmust be practicing attorneys with scholarly attainments and an affirmative interest in legal education and the requirements for admission to the Barbar. Attorney members shallmust have been members of The Florida Bar for at least five5 years.
1-22.2 Appointments. The Florida Bar Board of Governors of--The Florid-a-Bar shallmust submit to the Courtcourt not less than ninety90 days prior tobefore the expiration of the term of any attorney member of the Board,board, orand in case of-a vacancy? within ninety90 days ther-eafterof a vacancy, a group of three3 recommended appointees.
1-22.3 Term of Service. Appointments shal-lwill be for no more than five5 years and the term of all such appointments shall be extendedwill extend to October 31 of the last year of suekthe term. Any vacancy occurring during anya term shall must be filled by appointment. No attorney appointed by the Qou-r-tcourt as a result of a vacancy occurring during a term shaltwill be appointed for more than five5 years.
*883 1-23 Public Members.
1-23.1 Qualifications. Public members shallmust not be lawyers and shallmust have an academic Bachelor’s — Degree bachelor’s degree. It is desirable that public members possess educational or work-related experience of value to the Boardboard such as educational testing, accounting, statistical analysis, medicine, psychology, or related sciences.
1-23.2 Appointments. A joint committee composed of three3 members of the Boardboard and Ihree3 members of theThe Florida Bar Board of Governors of The Florida Bar-shallmust submit to the Gourtcourt not less than ninety90 days ■prior tobefore the expiration of the term of any public member of the Boardjboard, orand — ⅛-the ease.of a-w-acancy,- within ■ninetygO days thereafterof a vacancy, a group of threeg recommended appointees. 1-23.3 Term of Service. Appointments shallwill be for no more than three3 years and the term of all suchappointments shall be extendedwill extend to October 31 of the last year of suehthe term. Any vacancy occurring during anya term shallmust be filled by appointment. No public member appointed by the Courtcourt as a result of a vacancy occurring during a term shallwill be appointed for more than thi-ee3 years.
1-24 Board Members Emeritus.
1-24.1 Eligibility. A former member of the board may accept the designation of board member emeritus, if eligible under ruIeFollowing — the—completion—of—the» terms, — members.of the — Board shall be designated as Board Members Emeritus. To be eligible to serve, a-Board Member Emeritus shall be in compliance with Rule 1-34.
1-24.2 Purpose. To assist the Board-board ⅛ fulfilling its investigative -and adjudicative functions, a Board — Member ■Emeritusboard member emeritus is authorized to participate as a member of an investigative or formal hearing panel as provided by Rulerules 3-22 and 3-23.2. A majority-of the members of aThe formal hearing panel shallmust consist of a majority of current members of the Boardboard. At least enel member of an investigative hearing panel shallmust be a current member of the Boardboard. All recommendations of investigative hearing panels must be approved by a quorum of the current
1-25 Officers.
1-25.1 Vice Chair. During the Board-board meeting preceding November 1 of each year, the Board-shallboard must designate a Vice Chairvice chair who shallwill hold office for a period of onel year beginning on November 1. SuchThe designation shallwill be determined by majority vote. In the event of an irreconcilable tie vote, such fact- shallthe matter will be certified to the Supreme Court of Florida, and it shallthe court will designate the Vice Chairvice chair for the next year.
1-25.2 Chair. On November 1 of each succeeding year, the previously elected Vice Chairvice chair will becomeshall automatically be elevated to the office of Chair chair for a period of onsl yearbeginning ■November 1 following service as Vice Chair.
1-26 Liaison Committee.
1-26.1 Purpose. A permanent committee to coordinate the work of the Benchbench, Barbar, law schools, and bar examiners is established to make recommendations to
1-26.2 Membership. SuchThe committee shallwill consist ofi_two2 members of the Supreme Court of Florida,to-bo designated by the Court, twocourt; 2 members of the Florida Board of Bar Examiners, to be *884 designated by the BoarcVboard; tw&2 members of The Florida Bar, te-fee-desig-nated by feeThe Florida Bar Board of Governorsj_of-The-Florida Baiv-the -Deans deans of all accredited Florida law schools or colleges^ and sucbany law student representation-as the-Court may-designatere-presentative(s) designated by the court.
1-26.3 Scheduling Meetings. The committee shaliwill convene at the pleasure of the committee members from the Supreme Court of Florida, esel of whom shaliwill be designated by the court as the presiding officer.
1-27 Office Location. The ©ffieesoffice of the Board-shallboard will be maintained in Tallahassee, Florida.
1-30 Board Member Responsibilities.
1-31 Tenure. A bar examinerboard member should be appointed for a fixed term but should be eligible for reappointment if the examinerboard member’s work is of high quality. Members of the -Beardboard should be appointed for staggered terms to ensure continuity of policy and — there should bebut with sufficient rotation in-the personnel of -the Board-to bring new views to the Boardboard and to ensure continuing interest in its work.
1-32 Devotion to Duty. A bar-examiner board member should be willing and able to devote whatever time is necessary to perform the duties of exami-ne-ra board member.
1-33 Essential Conduct. A bar examin-erboard member should be conscientious, studious, thorough, and diligent in learning the methods, problems, and progress of legal education, in preparing bar examinations, and in seeking to improve the examination, its administration, and requirements for admission to the Barbar. Each examinerboard member should be just and impartial in recommending the admission of applicants and should exhibit courage, judgment, and moral stamina in refusing to recommend applicants who lack adequate general and professional preparation or who lack good moral character.
1-34 Board Influences, Conflicting Duties, and Obligations. Bar examiners Board members should not have adverse interests, conflicting duties, er-inconsistent obligations, or improper considerations that will in any way interfere or appear to interfere with the proper administration of their functions. Bar ex-a-miners-sfaeuld-se conduct themselves that there may- be no suspicion that -their judgment — may- be swayed by improper considerations. — To be eligible to serve as a-bar examiner, bar examinersA member of the board or a board member emeritus may not serve as a judge of any court; a regular or adjunct professor of law; an instructor, advisor or in any capacity related to a bar review course, or in other activities involved with preparation of applicants for bar admission; or as a member of the governing or other policy-making board or committee of a law school or the university of which it is a part. A bar examinerboard member is not prohibited from service on the board or as an officer of alumni groups that support law schools or universities or from assisting them with fund raising activities.
1-35 Compensation. TfaeBoard members shaliwill serve without compensation, but shaliwill be reimbursed for reasonable traveling and subsistence expenses incurred in the performance of their services for the Boardboard.
1-40 Board Meetings.
1-41 Conducting Board Meetings. The Board shallboard will meet in formal session throughout the State of Florida on a regularly scheduled basis to faandleconsider administrative, applicant, and registrant matters and to conduct investigative and formal hearings. Subject to the approval *885 of the full Boardr-board, the place and time of suoh-meetings shaliwill be determined by the Chairchair of the Boardboard.
1-42 Special Hearing Panels. Hearings may also be conducted by special hearing-panels of the B oard-to-baboard convened at such-other times and at such places as may-be-fixed by the Boardboard.
1-43 Telephone Conference Meetings. Upon — g&ingOn reasonable notice, the Chairchair of the Boardboard may conduct a meeting of the Board-board by conference telephone call for routine administrative action or for emergency action.
1-50 Fiscal Authority.
1-51 Budget. The Board-shallboard will annually prepare a budget and submit it to the Supreme Court of Florida for approval.
1-51.1 Income. Subject to the approval of the Courtcourt, the Boardboard may classify applicants and registrants, and fix the charges, fees, and expenses which-shall be-bomo by themthat will be paid by each.
1-51.2 Expenses. The Board shall -board will make such disbursements as are required to pay the necessary expenses of the Boardboard.
1-52 Audit. The board willBoard shall cause proper-books of account to be kept and shall have an annual audit madecon-ducted by a Certified Public-Accountant certified public accountant. The annual audit shalimust be filed with the Clerk of the Supreme Court of Florida.
1-53 Staffing. The Board-shallboard will employ an Executive-Direetorexecutive director and such-other assistants as it may deem necessary. It shaliwill provide for the compensation of sueh^employees and shaliwill pay all-other-expenses incurred in the performance of their official duties. All employees shalimust be bonded as may be directed by the -Boa-rdboard.
1-60 Confidentiality.
1-61 Confidentiality. All information maintained by the Boardboard in the discharge of thosethe responsibilities delegated to it by the Supreme Court of Florida shall-beis confidential, except as provided by these Balesrules or otherwise authorized by the Courtcourt.
1-62 Custodian of Records. All re-cordsmatters including, but not limited to, registrant and applicant files, investigative reports, examination -materialmaterials, and interoffice memoranda shall-beare the property of the Supreme Court of Florida, and the Board -shallboard will serve as custodian of all suehthe records.
1-63 Release of Information. The Boardboard is authorized to disclose information relating to an individual registrant, applicant, or member of The Florida Bar, absent specific instructions from the Court to tho-contraryeourt, in the following situations;- only.
1-63.1 Public Request. -UponOn request, the staff shaliwill confirm if a person has filed a student-registrationRegis-trant Bar Application, bar examination applicationExamination Application, or Bar Applicationbar application with the Boardboard, and willshall provide the date of admission of any attorney admitted to The Florida Bar.
1-63.2 National Data Bank. The name, date of birth, Social Security number., and date of application shaliwill be provided for placement in a national data bank operated by, or on behalf of, the National Conference of Bar Examiners.
1-63.3 The Florida Bar. UponOn written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings, or unlicensed practice of law investigations, information will be provided, however? that with the exception of any informa *886 tion received by the Boardboard under the specific agreement of confidentiality or otherwise restricted by law shall not
1-63.4 National Conference of Bar Examiners or Foreign Bar Admitting Agency. UponOn written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly-executed by the person about whom sueh-information is sought, information will be provided^ however-,-that with the exception of any information received by the Boardboard under a specific agreement of confidentiality or otherwise restricted by law shall not be-disclosed.
1-63.5 Documents Filed by Registrant or Applicant. -UponOn written request from registrants or applicants for copies of documents previously filed by them, and copies of any documents or exhibits formally introduced into the record at an investigative or formal hearing before the Boardboard, and the transcript of such hearings, copies will be provided. Cost-Costs of oopies-are set out below:
(a) The fee for each request fora copy of any document or portion of a document shall-be accompanied-by a fee ofis $25*06 for the first page and $*5650 cents for each additional page.
(b) The fee for each request fora copy of the Form 1, Bar Application or Registrant Bar Application is — shall-be-accompanied by a fee of $35*66.
1-63.6 Documents Filed on Behalf of the Registrant or Applicant. UponOn written request from registrants or applicants, for — copies of documents filed on them behalf, or at the request of the Boardboard with the written consent of the party submitting suehthe documents, will be provided. If suohthe documents would be independently available to the requesting registrant or applicant, then consent of the party submitting suehthe documents shallwill be deemed waived. Each request for a- copy of any document or-portion of a docu-ment-shail -be accompanied — b-y—a—fee- ofThe fees for requested copies are $25*00 for the first page and $*5650 cents for each additional page.
1-63.7 Grand Jury or Florida State Attorney. UponOn service of a subpoena issued by a Federal or Florida Grand-Jury grand .jury, or Florida State Attorney on-lystate attorney, in connection with a felony investigation only, information will be provided-, however, that with the exception of any information that is otherwise restricted by law-sha-ll-not-be disclosed.
1-63.8 Third Parties. The Boardboard may divulge the following information to all sources contacted during the background investigation:
(a) name of applicant or registrant;
(b) former names¡
(ft) date of birth¿
(d) current address; and,
(e) Social Security number.
1-63.9 List of Candidates. Following the Board’sboard’s recommendation under Bulerule 5-10 and the Court’scourt’s approval for an applicant’s admission to The Florida Bar, suehthe applicant’s name and mailing address shall-beis public information.
1-64 Breach of Confidentiality. Whenever any person intentionally and without authority discloses confidential information maintained by the Boardboard, the person may be in contempt of the -Boardboard. The Board-shallboard must report to the Supreme Court of Florida the fact that the person is in contempt of the Boardboard *887 for such-proceedings against the person as the Qoartcourt may deem advisable.
1-65 Disclosure of Information. Unless otherwise ordered by the Supreme Court of Florida, the Ghah-chair of the Boardboard, or the presiding officer at a hearing before the Boardboard, nothing in these rules shall prohibitprohibits any applicant or witness from disclosing the existence or nature of any proceeding under rule 3, or from disclosing any documents or correspondence served on, submitted by, or provided to the applicant or witness.
1-70 Immunity and Privilege.
1-71 Board and Employee Civil Immunity. The boardBoard of Bar-Examiners and its members, employees, and agents are immune from all civil liability for damages for conduct and communications occurring in the performance and within the scope of their official duties relating to the examination, character and fitness qualification, and licensing of persons seeking to be admitted to the practice of law.
1-72 Immunity and Privilege for Information. Records, statements of opinion, and other information regarding an applicant for admission to theThe Florida Bar, communicated without malice to the board Board — of-Bar Examiners, its members, employees, or agents by any entity, including any person, firm, or institution, are privileged, and civil suits for damages predicated on those cominunicationsther-een may not be instituted.
RULE 2. APPLICATION REQUIREMENTS
2-10 Application Qualifications. To seek admission to The Florida Bar, a person must meet the application-qualifications, file the appropriate applications and fees as set out in this rule, and comply with rules 3 and 4.
2-12 Proof of Character and Fitness. All applicants seeking admission to The Florida Bar shaümust produce satisfactory evidence of good moral character, an adequate knowledge of the standards and ideals of the profession, and proof that the applicant is otherwise fit to take the oath and to perform the obligations and responsibilities of an attorney. See Ralerule 3, Background Investigation.
2-13 Prohibitions Against Application. No-person shall beA person is not eligible to apply for admission to The Florida Bar or for admission into the General Bar Examination unless the time period as indicated below has expired, or the required condition or status has been met.
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person who has been disbarred from the practice of law, or who has resigned pending disciplinary proceedings, shaflwill not be eligible to apply for a period of 5 years from the date of disbarment, or 3 years from the date of resignation, or such longer period as is set for readmission by the jurisdictional authority.
Once eligibility-has been established and following-completion of the Board’s background investigation, such per-son-shall be required-to -appear for a formal hearing that-is open to the public as-provided by -Rule-3-22.7.
2-13.15 Public Hearing. Once eligibility has been established, and following completion of the background investigation, the applicant who has been disbarred, or who has resigned pending disciplinary proceedings, will be required to appear for a formal hearing that is open to the public as provided by rule 3-22.7.
2-13.2 Suspension for Disciplinary Reasons. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction *888 sfeallis not fee-eligible to apply until expiration of the period of suspension.
2-13.25 Satisfaction of Court-Ordered Restitution and Disciplinary Costs. A person who was disbarred, resigned with pending disciplinary proceedings, or was suspended from a foreign jurisdiction sha-1-1-will not be eligible to apply except on proof of payment of any restitution and disciplinary costs imposed by a court in its order of disbarment, resignation, or suspension. Any request for relief from the terms of the order must be granted by the court that ordered the payment of restitution and disciplinary costs.
2-13.3 Convicted Felon. A person who has been convicted of a felony sfeallis not fee-eligible to apply until the person’s civil rights have been restored.
2-13.4 Serving Felony Probation. A person who is serving a sentence of felony probation, regardless of adjudication of guilt, sfealfe not fee-eligible to apply until termination of the period of probation.
2-13.5 Found Unqualified by Board. AnAny applicant or registrant, who feas been-refused ■ a-favorable- -recommendation was previously denied admission by the Boardboard through tho filing ofFindings of Fact and Conclusions of Law wfeiefe feavethat has not been reversed by the Supreme Court of Florida, shall not be eligible- to seskmay reapply for admission to The-Florida Bar-untilby filing a new Bar Application after 2 years after the date-tba-t the Board-delivered its adverse ■findings or such other period as may be set in the Findings. The applicant or registrant will be eligible to take the General Bar Examination during the disqualification period.
2-14 Reapplications for Admission. Any-applicant or-registrant-wbo-received an — unfavorable—Board—recommendation that-feas not-been-reversed by the Court ■may-reapply for admi-ssion-by filing a new Bar -Application- after-2-years or such other period as may-be-set in the-Findings. Any applicant or registrant who was previously denied admission by the board through Findings of Fact and Conclusions of Law that has not been reversed by the Supreme Court of Florida may reapply for admission by filing a new Bar Application after 2 years or such other period as may be set in the Findings. The new application shall answer-each item for-the period of- time from the filing of the original application and shallmust be filed on the form available on the board’s website with include — current references, a fingerprint card, the applicable fee, and a detailed written statement describing the scope and character of the applicant’s evidence of rehabilitation as required by Rulerule 3-13. The statement shallmust be sworn and may include corroborating evidence such as letters and affidavits. Thereafter, the Board shallboard will determine at an investigative hearing, a formal hearing, or both, if the applicant’s evidence of rehabilitation is clear and convincing and sfeallwill make a recommendation as required by rule 3-23.6. In determining whether an applicant should appear before an investigative hearing panel, a formal hearing panel, or both, the -Boardboard is clothed with broad discretion.
2-20 Applications and Fees.
2-21 Applications. There are two independent applications that must-be completed prior-to-admission to-The-Florida Bar; the-Exam Application-(Fo-rm 1-A) and the ■Bar- Application (Form — 1—if filing as an applicant- or-F-orm 2 if converting from a registrant) .-E very applicant for admission to The Florida Bar must file with the board a Bar Application on the form available on the board’s website. Law student registrants who register with the board under rule 2-21.2 must file a Registrant *889 Bar Application and a Supplement to Registrant Bar Application. The Bar Application or Registrant Bar Application must be completed interactively online using instructions on the board’s website.
2-21.1 Exam Application. — The—Exam Application (Form 1-A) is required-for admission into -any-General Bar-Examiaa-tiem — The Form 1-A- must be fully-completed, accompanied — by^ -the appropriate application fee, and- submitted by ■the-examination filing deadline to be considered timely filed.Admission to General Bar Examination. A person who, prior to the applicable filing deadline specified in rule 4-42 or the applicable late filing deadline specified in rule 4-43, has not filed with the board the Bar Application (or, in the case of a law student registrant, the Registrant Bar Application and the Supplement to Registrant Bar Application) and paid the appropriate filing fees will not be permitted to take the General Bar Examination.
2-21.2 Bar-Application. The Bar Application (Form 4-or-Eorm 2 if the~F-orm-l-was-previously filed -as a student registrant) is required-te-initiate- the-appl-icant character-and-fitness- background — investigation. — The detailed-character and -fitness investigatioHr-may^ require 6-8 months for all facts to be ■ma-r-shafled and a recommendation reached-by — the Board-. — All—law students are■-encouraged to file for-admlssion to the Bar when-entering their-sen-ior year in law-school to ensure completion of all character and fitness related matter-s-at the time-of-grade-release of-the-fi-rst examination following- graduation.Registration. Law students are encouraged to register with the board within the first year of law school. Every law student intending to apply for admission to The Florida Bar, following the commencement of the study of law in an accredited law school, may register with the board by filing a Registrant Bar Application on the form available on the board’s website accompanied by the applicable filing fee, and any supplemental documents that reasonably may be required by the board. See rule 2-23.1 for a schedule of fees. A basic character and fitness investigation will be conducted in areas of possible concern on each registrant. The Registrant Bar Application must be converted into a Bar Application by the filing of a Supplement to Registrant Bar Application available online on the board’s website. Each law student registrant is encouraged to file the Supplement to Registrant Bar Application at the beginning of the student’s final year in law school to ensure timely completion of the board’s character and fitness investigation.
2-21.3 — Registration. Law students are encouraged — to—register with -the — Board within 180 days-of-the commencemenh-of the study-of-law-to take advantage-of-early ■registration discounted fees.— Every -law student intending-to-apply for admission to The Florida Bar-following the commeneement-of-the study-of-law in an accredited-law school, may register with-the-Beard by filing a Form l -ae-a-registrant, the-appl-iea-ble filing fee-and-any- supplemental documents-that may reasonably be required-by the Board. — A basic character and fitness investigation shall-be-eonducted in areas of possible concern-on each registrant. — The registration-(Form-l)4nitialIy executed by a-registrant must be-c-onvertod into a Bar Application-by-the filing of a Supplement (Foi-hi-2-)t
2-22 Deadline for-Eiling a Bar- Application. The-Bar-Application-mu-stjje filed not later than 90 days from the date-of notice that successes-been- attained on all parts of the - Florida- Bar Examination (General -Bar-Examination and Multistate Professional — Responsibility—Examination (MPRE))-. — Failure to-comply with the filing deadline will result in required reapplf- *890 cation — for-admlssion--to the Florida Bar Examination-and-suecessful completion of all-of-the-examination.Character and Fitness Investigation. On the filing of a Bar Application or a Registrant Bar Application, the board will initiate a character and fitness investigation under these rules. When a law student registrant files a Supplement to Registrant Bar Application, the board will update the character and fitness investigation conducted following such student's filing of the Registrant Bar Application.
2-23 F-or-ms-for- Application. — Applications for^Ad-m-issio-n-into the General Bar Ejianán-ation-and-te-The Florida Bar-shall be- -made ■ upon forms — supplied by the Board.- -Students matriculating- at the law schools within the State of-Florida, the deans-a-nd-librarians of sue-h-F-lorida -law schools, and any other-persons designated by the Boa-rd-may-receive forms freo. Requests for-applic-ation forms by other persons shall — be-accompanied—b-y—a-fee ■ of $§0T6drApplication Fees. All fees are set by order of the Supreme Court of Florida and are subject to change by published order of the court. The total application fee is due and payable to the Florida Board of Bar Examiners by the applicant when filing the Bar Application, the Registrant Bar Application, or the Supplement to Registrant Bar Application, and no application will be considered complete without the full fee. Any fee paid by an applicant or registrant will not be refunded.
2-23.1 Student Registrant Fee. Except as provided below, every law student filing a Registrant Bar Application with the board must file with the completed Registrant Bar Application the fee of $500. For any law student who files- a Registrant Bar Application by the deadlines established, discounted early registration fees are available as follows:
(a) ⅜75. For those students who commence the study of law in:
(1) August or September and who file a Registrant Bar Application by the following January 15;
(2) January or February and who file a Registrant Bar Application by the following June 15; or
(3) May or June and who file a Registrant Bar Application by the following October 15.
(b) $300. For those students who commence the study of law in:
(1) August or September and who file a Registrant Bar Application by the following March 15;
(2) January or February and who file a Registrant Bar Application by the following August 15; or
(3) May or June and who file a Registrant Bar Application by the following December 15.
2-23.2 Student Applicant Fee. Applicants who did not file the Registrant Bar Application with the board as law students and who have not been admitted to the bar in any .jurisdiction for a period in excess of 12 months, excluding time spent in military service of the United States, must file with the Bar Application the fee of $875.
2-23.3 Supplement to Registrant Bar Application Fee. Applicants who filed the Registrant Bar Application with the board as law students and who have not been admitted to the bar in any jurisdiction for a period in excess of 12 months, excluding time spent in military service of the United States, must file with the Supplement to Registrant Bar Application the applicable fee as follows:
(a) Less than 5 years. If the Supplement to Registrant Bar Application is filed within 5 years of the filing date of the original Registrant Bar Application, the fee is $375.
*891 (b)More than 5 years. If the Supplement to Registrant Bar Application is filed more than 5 years after the filing of the original Registrant Bar Application, the fee is $875 as set forth in rule 2-23.2, less any fee previously paid.
2-23.4 Attorney Fee. Applicants who have been admitted to the bar in any jurisdiction for a period in excess of 12 months, excluding time spent in military service of the United States, must file with the Bar Application a fee based on the number of years the applicant has been admitted in another jurisdiction as follows:
(a) Less than 5 years. If the applicant has been admitted in another jurisdiction for more than 1 year but less than 5 years, the fee is $1300.
(b) 5 or more but less than 10 years. If the applicant has been admitted in another jurisdiction for 5 years or more but less than 10 years, the fee is $1600.
(c) 10 or more but less than 15 years. If the applicant has been admitted in another jurisdiction for 10 years or more but less than 15 years, the fee is $2000.
(d) 15 or more years. If the applicant has been admitted in another jurisdiction for 15 or more years, the fee is $2500.
2-23.5 Fee Determination. The fee for an admitted attorney is determined by the date of the filing of the Bar Application and the status of the applicant on that date as it relates to his or her admission to the bar of any foreign jurisdiction or United States military service.
2-23.6 Disbarred Attorney Fee. Applicants applying for admission after disbarment or resignation pending disciplinary proceedings in Florida or in any other jurisdiction must file with the Bar Application the fee of $5,000.
2-24 — Credit for Payment for Forms, Any- person- having paid- for forms may deduct that-amount fcom-any application fee paid -within-l- year from the payment of the fee for forms. — This.credit must be deducted at -the time-of payment-ef- the application — fee,—The-fee for application ■forms paid by an - applicant ■ shall--not be refunded by-the Board,
2-25 — Setting- Application Fees and-Refunds, — All fees are set-by -order-of the Supreme Court of Florida- and are subject to change by-published-order of the Court. Any-fee paid-by an applicant or registrant shall not he refunded.
2-26 — Applieation Fees,- The total application fee is-due and payable to the Florida Board of Bar Examiners-upon-filing by the applicant of the initial- application. Neither a bar application, filed as an-appli-eant- or registrant, nor-an examination application — shall—be.considered—complete without the-MI-fee.-
2-26,1 — Student Registration Fee, Every law student filing a registration with the Board shall-4ile- with-the completed bar application (Form-1)- -the-fee- of -$500.00. Discounted — early registration — fees—are available as indicated — below-to any-law student who-files a registration within 250 days following-the commencement-of-the study of law as certified by the law school.
fa-)-Within — 180 ■Days.-1-f-fíled within 180 days following commencement-of the-study of law, the fee shall be $-7-5-00,-
(b) Within-495-Days.-I-f-filed within-195 days following the commencement of the study of law, the fee shall-be -$-1-00,00.
(c) Within 250 Days, If filed-within-250 days following — fee commencement-of - the study of law, the fee shall-be -$2Q0-,00.
2-26,2 — Student Applicant Fee, Applicants who did-not register with the Board as- law students and who have not been admitted to the bar in any jurisdiction for a-period in-e-xeess of 12 months excluding time spent in-military service of the-United *892 States shall file-with the-faátial application the fee- of $875.00.
2-2&3 — Registrant Converter Fee.-Applicants who registered wife the-Board as law-students and-who have-not been-admitted -to- the bar -in any jurisdiction- -for a period in excess- of 12 months -excluding time-spent in military sendee of the United States-shall file-with the initial application (Form-l-A or Form 2) -the- fee-of-$375-,QQ,
(a) Less than.5-years, — If filed within 5 years of the filing date of the original application filed under registrant-statugra fee of $375 is applicable-
lb) More than — 5 years, — If filed — more than-5-years since the filing of the'Original application filed-under registrant status, registrant status-is void-and the full application fee of $87-5 (less registrant tea previously-paid) is applicable-as set forth in Rule 2-26.2.
2-26,4 — Attorney—Fee,—Applicants—who have been admitted -to — the bar in any jurisdiction for a period-in excess-of 12 months excluding- time spent in--military service of the -United - States shall-file-with the initial application the- applicable fee according to the-date the-Form-l-is-postmarked as it -relates to the number of years-fche applicant has been admitted in another jurisdiction-
la) Less than-5- years, — If admitted for more than one year but less than -5-years, a fee of $1300.00.-
(b)--5-or more-hut less than 10 years, — If admitted for -more than-5-years-bat-less than 10 years, a fee of $1600.00.
(c)--lO-or more-hut less-than 15 years. — If admitted -for-mere than IQ- years but less than-1-5 years, a-fee of $2000.00.-
(d)-lS-or more-y-cars, — If admitted -for 15 or more years, a fee of $2500.00.
2-26d> — Fee-Determination,—The fee for an admitted attorney -is determined-by the-date of the-fíling ■ of — the Bar Application (Form l)-a-nd the-status of-the applicant on that ■ date as it relates -to the applicant’s admission to the Ear-of any foreign jurisdiction or — United-States military service.
2-27 — Disbarred Attorney Fee, Applicants applying for admission after disbarment or — resignation-lending--disciplinary proceedings.in Florida or in-any othei-jurisdiction-shall file -with the-initial application fee oi-$5000.0Q,
2-28 Application Fee for Reapplication for Admission Based on Rehabilitation. Applicants or registrants who are reapplying for admission and asserting rehabilitation from prior conduct that resulted in an adverse recommendationa denial of admission through Findings of Fact and Conclusions of Law or Consent Judgment rnusts-ball file with the application tfae-a fee of $1800,00.
2-29 Stale File Fee. Applicants An applicant whose Bar Application has been on file for more than 3 years shall — befe required to file a new Bar Application answering-eaefa item-tea- the-period of -time ■feem-the-fifang-date-ef-the-last-applicatio-B: filed to-the date of-the filing-of the new application — including—subm-ittingon the form available on the board’s website with current references, a fingerprint card, and the applicable fee.
(a) If within 5 Years. If filed within 5 years of the filing date of the last application filed, a fee of $425,00 is applicable.
(b) If more than 5 Years. If filed more than 5 years after the filing date of the last application filed, the full application fee under 2-26,2 or 2-26,4rule 2-23.2, 2-23.4, or 2-23.6 above is applicable.
2-30 Petitions Relating to Administrative Rulings.
2-30.1 Filed with the Board. Any applicant or registrant who is dissatisfied *893 with an administrative rulingdecision of the Boardboard that does not concern character and fitness matters may petition the Boardboard for reconsideration of the rulingdecision. Applicants also may petition the Boardboard for a suspension or waiver of any Barbar admission rule or regulation. BetitionsA petition seeking a suspension or waiver of anya rule or regulation. or seeking review of an administrative rulingdecision or-ac-tion not related to a character and fitness recommendation may be presented in the form of a letter, sfeallmust be filed with the Boardboard within 60 days after receipt of written notice of the Board’sboard’s action complained of, and shall-be accompanied — by must be filed with a fee of $50,06.
2-30.2 Filed with the Court. Any applicant or registrant who is dissatisfied with a Boardan administrative rulingdecision of the board that does not concern character and fitness matters may, within 60 days after receipt of written notice of that ru-lingdecision, file an-appropriatea petition with the Clerk of the Supreme Court of Florida for review of the Board’s ■ action. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall fee-are applicable to all proceedings filed in the Supreme Court of Florida. A copy of the petition sfeallmust be served on the Executive-Director of the Boardexecutive director of the board.- The Board.shall have 25-days after the-service of the-eopy on the Executive-Director in which to file a ■response to the petition and shall serve-a copy of its response- on the applicant-os registrant, — The-matter shall be disposed of-as -the Court direc-ts. The applicant seeking review must serve an initial brief within 30 days of the filing of the petition. The board will have 30 days to serve an answer brief after the service of the applicant’s initial brief. The applicant may serve a reply brief within 30 days after the service of the answer brief.
RULE 3. BACKGROUND INVESTIGATION
3-10 Standards of an Attorney. An attorney should be one whosohave a record of conduct that justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to themhim or her.
3-10.1 Essential Eligibility Requirements. The Boardboard considers the following attributes to be essential for all applicants and registrants seeking admission to The Florida Bar:
(a) Knowledgeknowledge of the fundamental principles of law and their application,¡
(b) Stability to reason logically and accurately analyze legal problems,; and,
(c) Theability to and the likelihood that, in the practice of law, one will:
(1) Ccomply with deadlines,;
(2) Ccommunicate candidly and civilly with clients, attorneys, courts, and others,;
(3) Gconduct financial dealings in a responsible, honest, and trustworthy manner-¡
(4) Aavoid acts that are illegal, dishonest, fraudulent, or deceitful,; and,
(5) Conduct oneself- in accordaneecomply with the requirements of applicable state, local, and federal laws, rules, and regulations^ and-statutes; any applicable order of a court or tribunal; and the Rules of Professional Conduct.
3-11 Disqualifying Conduct. A record manifesting a deficiency in tfaelack of honesty, trustworthiness, diligence, or reliability of an applicant or registrant may constitute a basis for denial of admission. The revelation or discovery of any of the following may be treated as cause for fur *894 ther inquiry before the Boardboard recommends whether the applicant or registrant possesses the character and fitness to practice law:
(a) unlawful conduct;.
(b) academic misconduct;
(c) making or procuring any false or misleading statement or omission of relevant information, including any false or misleading statement or omission on the Bar Application, or any amendment, or in any testimony or sworn statement submitted to the Boardboard;
(d) misconduct in employment;
(e) acts involving dishonesty, fraud, deceit, or misrepresentation;
(f) abuse of legal process;
(g) financial irresponsibility;
(h) neglect of professional obligations;
(i) violation of an order of a court;
(j) evidence of mental or emotional instability;
(k) evidence of drug or alcohol dependency;
(D denial of admission to the bar in another jurisdiction on character and fitness grounds;
(m) disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction; or
(n) any other conduct whichthat reflects adversely ugonon the character or fitness of the applicant.
3-12 Determination of Present Character. The Board shallboard must determine whether the applicant or registrant has provided satisfactory evidence of good moral character, ⅛-addition to other factors in making this-determination, theThe following factors, among others, will-should be considered in assigning weight and significance to prior conduct:
(a)age at the time of the conduct;
(b) recency of the conduct;
(c) reliability of the information concerning the conduct;
(d) seriousness of the conduct;
(e) factors underlying the conduct;
(f) cumulative effect of the conduct or information;
(g) evidence of rehabilitation;
(h) positive social contributions since the conduct;
(i) candor in the admissions process; and,
(j) materiality of any omissions or misrepresentations.
3-13 Elements of Rehabilitation. Any applicant or registrant who affirmatively asserts rehabilitation from prior conduct which.bears that adversely upon-suehre-flects on the person’s character and fitness for admission to the Bar shall ⅛ required tobar must produce clear and convincing evidence of-such rehabilitation including, but not limited to, the following elements:
(a) strict compliance with the specific conditions of any disciplinary, judicial, administrative, or other order, where applicable;
(b) unimpeachable character and moral standing in the community;
(c) good reputation for professional ability, where applicable;
(d) lack of malice and ill feeling toward those who, by duty, were compelled to bring about the disciplinary, judicial, administrative, or other proceeding;
(e) personal assurances, supported by corroborating evidence, of a desire and intention to conduct one’s self in an exemplary fashion in the future;
(f) restitution of funds or property, where applicable; and,
(g) positive action showing rehabilitation by such-things as a person’s occupation, religion, or community or civic service. *895 Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to tfaeThe Florida Bar because service to one’s community is an implied obligation of members of tfaeThe Florida Bar.
3-14 Bar Application and Supporting Documentation.
3-14.1 Filed as an Applicant. Applicants are required to file complete and sworn Bar Applications. The application shallwill not be deemed complete until all of the following items have been received by the Boardboard:
(a) an authorization and release on a form supplied by the-Boardavailable on the board’s website requesting and directing the inspection of and furnishing to the Boardboard, or any of its authorized representatives, all relevant documents, records, or other information pertaining to the applicant, and releasing any person, official, or representative of a firm, corporation, association, organization, or institution from any and all liability in respect to suefathe inspection or the furnishing of any such-information;
(b) a Certificate of Dean (Form N-0--3) certifying the applicant’s graduation from ana law school accredited by the American Bar Association-aecredited-law-school;
(c) an official transcript of academic credit certifying that the applicant has received the degree of Bachelor of Laws or Deeto-r-of Jurisprudence, whic-h-transcript must come direetl-y from the-awarding institu-tiondoachelor of laws or doctor of jurisprudence, and an official transcript from each post-secondary institution attended subsequently, which must be sent directly from the institution;
(d) an official transeriptstranscript from all post-secondarythe institution attended that awarded the applicant an undergraduate degree, if the degree was awarded,institutions -attended,- which must be sent transcripts must come directly from the awarding institutioninstitutions;
(e) if the applicant has been admitted to the practice of law in osel or more jurisdictions, evidence satisfactory to the Boardboard that the applicant is ofin good standing in such jurisdictionseach jurisdiction, and a copy of the application for admission filed in each sueir-jurisdiction;
(f) an affidavit on a form supplied by the Boardavailable on the board’s website attesting that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar; and,
(g) suehsupporting documents and other information as may be required in the forms supplied by -the Boardavailable on the board’s website, and such-other documents as the Boardboard may, in addition, reasonably require.
3-14.2 Filed as a Registrant. Registrants-aroA Registrant is required to file a complete and sworn applications for regis-■trationRegistrant Bar Application. The application shallwill not be deemed complete until all of the following items have been received by the Boardboard:
(a) an authorization and release on a form supplied — by the Boardavailable on the board’s website requesting and directing the inspection of and furnishing to the Boardboard, or any of its authorized representatives, all relevant documents, records, or other information pertaining to the applicantregistrant, and releasing any person, official, or representative of a firm, *896 corporation, association, organization, or institution from any and all liability in respect to suehthe inspection or the furnishing of any sueh-infonnation;
(b) an official transcripts from all — post-secondarythe institution attended that awarded the registrant an undergraduate degree, if the degree was awarded,institutions attendedT which transcript must come be sent directly from the awarding institu-
(c) sueh-supporting documents and other information as may be required in the forms supplied-by the — Boardavailable on the board’s website, and sueh-other documents as the -Boardboard may, in addition, reasonably require.
3-14.3 Defective Applications. A bar applicationBar Application or Registrant Bar Application initially filed in a defective condition,- (e.g., without notarization, without supporting documents, or having blank or incomplete items on the application) may delay the initiation or the processing of the background investigation. A Bar applicationsApplication or Registrant Bar Application (Form 1 or--Form 2) filed in a defective condition shallwill be accepted, but a fee of $10(h0Q-shallwill be assessed.
3-14.4 Filing Timely Amendments. An application filed by an applicant or registrant is a continuing application and the applicant or registrant has an obligation to keep the responses to the questions current, complete, and correct by the filing of timely amendments to the application, on forms provided upon request from the Boardavailable on the board’s website, until the date of an applicant’s submission to the Oath of Attorney in Florida. An amendment to the application is considered timely when made within 30 days of any occurrence that would change or render incomplete any answer to any question on the application.
3-14.5 Timely Processing. In order to ensure timely processing of the background investigation, an applicant or registrant shalimust be responsive to Board board requests for further information. The Bar Application or Registrant Bar Application must be vigorously pursued by the applicant or registrant.
3-14.6 Non-Compliance.
(a) An applicant’s failure to respond to inquiry from the Boardboard within 90 days may result in termination of the applicant’s-bar-applicationhis or her Bar Application and require reapplication and payment of all fees as if the applicant were applying for the first time.
(b) A registrant’s failure to respond to inquiry from the Boardboard within 90 days may result in cancellation of the-r&g-istrant’shis or her application and require full payment of the student registrationre-gistrant fee.
3-15 Withdrawal of a Bar Application without Prejudice. An applicant or registrant may request withdrawal of a bar applicationBar Application without prejudice. The Board-sh-atlboard will consider acceptance of the request, but may continue its investigative and adjudicative functions to conclusion.
3-16 Withdrawal of a Bar Application with Prejudice. An applicant or registrant may request withdrawal of a bar applicationBar Application with prejudice. The Board-shallboard will accept the withdrawal and immediately dismiss its investigative and adjudicative functions. An applicant or registrant who files a withdrawal with prejudice shallwill be permanently barred from filing a subsequent bar-application for admission.to- The Florida Bar.
*897 3-17 Extraordinary Investigative Expenses.
3-17.1 Transcript or Records Cost. The cost of a transcript or any record or document reasonably required by the Board board in the conduct of investigative or adjudicative functions shallwill be paid by suehthe applicant or registrant.
3-17.2 Petition for Extraordinary Expenses. -UponOn a showing of actual or anticipated extraordinary expenditures by the Boardboard, the Supreme Court of Florida may order any applicant or registrant to pay to the Boardboard additional sums including attorney’s fees or compensation necessary in the conduct of an inquiry and investigation into the character and fitness and general qualifications of suehthe applicant or registrant including the procurement and presentation of evidence and testimony at a formal hearing held in response to Specifications.
3-20 Investigative Process.
3-21 Inquiry Process. The Board shall board will conduct an investigation and otherwise inquire into andto determine the character and fitness of eachevery applicant or registrant. In evei-y-sucfaeach investigation and inquiry, the Boardboard may obtain suefe — information as.boars upoapertaining to the character and fitness of the applicant or registrant and may take and hear testimony, administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers-and-documents.
3-21.1 Noncompliance with Subpoena Issued by the Board. Whene-v-er-aAny person subpoenaed to appear and give testimony or to produce books, papers — or-documentsT who refuses to appear to testify before the Boardboard,or-to answer any questions, or to produce such books, -papers- or-documents, such person -may be held in contempt of the Boardboard. The Board shallboard will report the fact that a person under subpoena is in contempt of the Boardboard for such-proceedings that against-such person as the Supreme Court of Florida may deem advisable.
3-22 Investigative Hearing. An applicant or registrant may be requested to appear for an investigative hearing. Such investigations and- inquiries-shalllnvestiga-tive hearings will be informal but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. The admissibility of results of a polygraph examination shallwill be determined in accordance with Florida law. An investigative hearing shallwill be convened before a division of the Boardboard consisting of aonot fewer than 3 members of the Boa-rdboard. Any member of the Boardboard may administer oaths and affirmations during the hearing.
3-22.1 Investigative Hearing Cost. Any applicant or registrant requested to appear for an investigative hearing shallmust pay the administrative cost of $80^00.
3-22.2 Response and Selection of a Preferred Hearing Date. An applicant or registrant who has been requested fey Board-letter-to appear for an investigative hearing shallmust promptly respond to such-letter.written notice from the board and give notice of preferred dates. Failure to respond within 60 days shallwill result in termination of the fear-application for non-compliance as provided in rule 3-14.6.and shall require — reapplication and payment of-all-fees as if the applicant-or registrant'were--applying for the first time.The-hearing shall be scheduled upon receipt of the notice-of-preference for scheduling--and — investigative hearing cost fee.
3-22.3 Investigative Hearing Postponement. Postponement of a previously scheduled investigative hearing shall beis permitted upenon written request and for *898 good cause and written request-when accompanied by the following fee:a-fee-of $5Q.-QQ-if-the request is-received-at-least-15 days prior tothe™hearmg-oi-a4ee-&fi-$7lk00 if-such — request is received less than 15 days before the-heaping,
(a) $50 if the request is received at least 15 days before the hearing; or
(b) $75 if the request is received less than 15 days before the hearing.
3-22.4 Board Waiver of an Investigative Hearing. In cases where the facts are undisputed regarding an applicant's or registrant’s prior conduct which bearsthat adversely upon ■ such' ■person’saffects his or her character and fitness for admission to tfaeThe Florida Bar, the Boardboard may forgo an investigative hearing and proceed directly with the execution of a Consent Agreement or the filing of Specifications as provided belewin rule 3-22.5.
3-22.5 Board Action Following an Investigative Hearing. After an investigative hearing, the Board shaliboard may make oneany of the following determinations:
(a) that- theThe applicant or registrant has established his or her qualifications as to character and fitness^.
(b) thatThe board will offer to the applicant or registrant a Consent Agreement be entered - into with the- applicant-in- lieu of the filing of Specificationspertaining to drug, alcohol, or psychological problems. In a Consent Agreement, the Board shall beboard is authorized to recommend to the Ceui-tcourt the admission of the applicant who has agreed to abide by specified terms and conditions uponon admission to The Florida Barf.
(c) that-furtherFurther investigation into the applicant’s or registrant’s character and fitness is warrantedf-er.
(d) thatThe board will file Specifications be filed charging the applicant or registrant with matters whichthat, if proven, would preclude a favorable finding by the Boardboard.
3-22.6 Investigative Hearing Transcript Cost. The cost of a transcript reasonably required by the Boardboard in the conduct of investigative or adjudicative functions sha&nust be paid by the applicant or registrant.
3-22.7 Public Hearing for Disbarred/Resigned Attorneys. All applicants who have been disbarred from the practice of law, or who have resigned pending disciplinary proceedings shallmust appear before a quorum of the Boardboard for a formal hearing. SuchThe formal hearing shallwill be open to the public, and the record produced at suehthe hearing and the Board-’s-Findings of Fact and Conclusions of Law shall-beare public information and exempt from the confidentiality provision of Rule-1 — 61-rule 1-60.
3-23 Specifications. Specifications area formal charging documentcharges filed in those cases where the Boardboard has cause to believe that the applicant or registrant is not qualified for admission to The Florida Bar. If the Boardboard votes to prepare and file Specifications, the Specifications are served upon anon the applicant or registrant. The response to Specifications shallmust be filed in the form of a sworn, notarized answer to the Specifications within 20 days from receipt of the Specifications.
3-23.1 Failure to File the Answer. If an applicant or registrant fails to file an answer to the Specifications within such thnethe 20-day deadline or within any extension of tha-t-time allowed by the Board board, the Specifications shallwill be deemed admitted. The Board shaliboard will enter findings of factFindings of Fact, finding the Specifications proven, and appropriate conclusions of law--which that may include a recommendation that the *899 applicant not be admitted to The Florida Bar, or that the registrant has not established his or her qualifications as to character and fitness.
3-23.2 Formal Hearing. Any applicant or registrant who is — the -recipient ofre-ceives Specifications is entitled to a formal hearing before the Boardboard, representation by counsel at his or her own expense, disclosure by the Office of General Counsel of its witnesses and exhibit lists, cross-examination of witnesses, presentation of witnesses and exhibits on his or her own behalf, and access to the Board’sboard’s subpoena power. -Upon Alter receipt of the answer to Specifications, the board will provide notice of the dates and locations available for the scheduling of the formal hearing on-the Specifications shall be provided. Formal hearings shall — beare conducted before a quorumpanel of the Board--which ■ shall board that will consist of not lessfewer than 5 members. The formal hearing panel shallwill consist of members of the Boardboard other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant or registrant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shallmust be considered and determined by the Boardboard. The Boardboard is not bound by technical rules of evidence at a formal hearing. A judgment of guilt to either a felony or misdemeanor shallwill constitute conclusive proof of the criminal offense(s) charged. An order withholding adjudication of guilt of a charged felony shallwill constitute conclusive proof of the criminal offense(s) charged. An order withholding adjudication of guilt of a charged misdemeanor shallwill be admissible evidence of the criminal offense(s) charged. The admissibility of results of a polygraph examination shallwill be in accordance with Florida law.
3-23.3 Formal Hearing Cost. Any applicant or registrant who is ■■ the recipient efreceives Specifications that require the scheduling of a formal hearing shallmust pay the administrative cost of $300dHJ.
3-23.4 Selection of a Preferred Formal Hearing Date. The applicant or registrant and the Board shallboard must agree on a date and location for the formal hearing. If the applicant or registrant fails to agree on ©sel of the dates and locations proposed-by- the Board, the board willBoard shall set the date and location of the hearing. If the applicant or registrant, without good cause, fails to attend the formal hearing, the Specifications shallwill be deemed admitted, and.the Board shallThe board will enter findings ■ of factFindings of Fact, finding the Specifications proven, and appropriate conclusions of law, which that may include a recommendation that the applicant not be admitted to The Florida Bar or that the registrant has not established his or her qualifications as to character and fitness.
3-23.5 Formal Hearing Postponement. Postponement of a previously scheduled formal hearing shall beis permitted uponby written request and for good cause and written request when accompanied by the following fee:a-fee of $100.00 if request-is received between 45-and-31-days prior to the- hearing or $20Q.QO~if- request is received between-RO-and-15 days prior to the hearing or.$300,00 if such request is received less than 15-days.before' the hear-
(a) $100 if request is received between 45 and 31 days before the hearing date;
(b) $200 if request is received between 30 and 15 days before the hearing date; or
(c) $300 if the request is received less than 15 days before the hearing date.
*900 3-23.6 Board Action Following Formal Hearing. Following the conclusion of a formal hearing, the board will promptly notify the applicant or registrant shalb-be notified-promptly-by the Board of its decision, which-shall-include one. The board may make any of the following recommendations:
(a) that-theThe applicant or registrant has established his or her qualifications as to character and fitness^.
(b) that-theThe applicant be conditionally admitted to The Florida Bar in exceptional cases involving drug, alcohol, or psychological problems on the terms and conditions specified by the Boarfboardf
(c) that — feheThe applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed 2 years. At the end of the specified period of time, the Board-shallboard will recommend the applicant’s admission if the applicant has complied with all special conditions outlined in the Findings of Fact and Conclusions of Lawf
(d) that-theThe applicant or registrant has not established his or her qualifications as to character and fitness. In cases of denial, a 2-year disqualification period shall befe presumed to be the minimum period of time required before an applicant or registrant may reapply for admission and establish rehabilitation. In cases involving significant mitigating circumstances, the Board shall-ha-veboard has the discretion to recommend that the applicant or registrant be allowed to reapply for admission within a specified period of less than 2 years. In cases involving significant aggravating factors (including but not limited to material omissions or misrepresentations in the application process), the Board shall-haveboard has the discretion to recommend that the applicant or registrant be disqualified from reapplying for admission for a specified period greater than 2 years, but not more than 5 years.
3-23.7 Findings of Fact and Conclusions of Law. In cases involving a recommendation other than under rule 3-23.6(a), the Board shallboard will expeditiously issue its written Findings of Fact and Conclusions of Law. The Board’s find-fegsFindings shallmust be supported by competent, substantial evidence in the formal hearing record. The Board’s-find-ingsFindings, conclusions, and recommendation shall-beare subject to review by the Supreme Court of Florida as specified under rule 3-40. The Board’s fmdingsFind-ings, conclusions, and recommendation shall beare final, if not appealed, except in cases involving a favorable recommendation for applicants seeking readmission to the practice of law after having been disbarred or having resigned pending disciplinary proceedings. In those cases, the Board- shallboard will file a report containing its recommendation with the Supreme Court of Florida for final action by the Courtcourt. Admission to The Florida Bar for those applicants shallwill occur only by public order of the Courtcourt. All reports, pleadings, correspondence, and papers received by the Courtcourt in those cases shall beare public information and exempt from the confidentiality provision of rule 4-641-60.
3-23.8 Formal Hearing Transcript Cost. The cost of a transcript reasonably required by-the-Boa-rd in the conduct of investigative or adjudicative functions shallmust be paid by suefathe applicant or registrant.
3-23.9 Negotiated Consent Judgments. Counsel for the Boardboard and an applicant or registrant may waive a formal hearing and enter into a proposed consent judgment. BaehThe consent judgment shallmust contain a proposed resolution of the case pursuant - founder enel of the *901 Boardboard action recommendations specified above. If the consent judgment is approved by the full Boardboard, then the case shallwill be resolved in accordance with the consent judgment without further proceedings.
3-30 Petition for Board Reconsideration. Any applicant or registrant who is dissatisfied with the Board’s -recommendation concerning his or her character and fitness may, within 60 days from the date of the B oard’s-Findings of Fact and Conclusions of Law, file with the Boardboard a petition for reconsideration with a fee of $1254)0. The petition must contain new and material evidence whichthat by due diligence could not have been produced at the formal hearing. Evidence of rehabilitation as provided by Sulerule 3-13 is not per-mittedshall not be -included in a petition for reconsideration. Only one suehl petition for reconsideration may be filed.
3 — 40 Petition for Court Review.
3-40.1 Dissatisfied with Board’s Recommendation. Any applicant or registrant who is dissatisfied with the Board’s recommendation concerning his or hersueh applicant’s or registrant’s character and fitness may petition the Supreme Court of Florida for review within 60 days from receipt of the Board’s Findings of Fact and Conclusions of Law or within 60 days of receipt of notice of the Board’sboard’s action on a petition filed under Sulerule 3-30. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall--beare applicable to all proceedings filed in the Supreme Court of Florida. A copy of suchthe petition shallmust be served uponon the ExecutiveSOirectorexe-cutive director of the Boardboard. The applicant seeking review must serve an initial brief within 30 days of the filing of the petition. The board will have 30 days to serve an answer brief after the service of the applicant’s initial brief. The applicant may serve a reply brief within 30 days after the service of the answer brief.Unless otherwise required^-the — Board’s response-shall-be filed with the Court within 25 days-after service -of-the petition. At the time of the filing of the Board-⅛ res-ponsoanswer brief, the Executive Dirocto-rexecutive director shallwill transmit the record of the formal hearing to the Courts ourt, and the Court shall -decide-whether such applicant or--registr-ant meets the character and fitness requirements.
3-40.2 Dissatisfied with Length of Board’s Investigation. Any applicant or registrant whose character and fitness investigation is not finished within 9 months from the date of submission of a completed bar- appl-lc-ationBar Application or student registra-tionRegistrant Bar Application may petition the Supreme Court of Florida for an order directing the Board-board to conclude its investigation. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall-beare applicable to all proceedings filed in the Supreme Court of Florida. A copy of any - suchthe petition shallmust be served uponon the Executive --Dir ectorexecutive director of the Boardboard. The Board shallboard will have 2530 days after the service of said -eopythe petitionon the Executive Director in which to fileserve a response-to ■the-petition- and-shall serve a-copy upon the appl-ic-ant or registrant; — The matter shall-be-4isposed-of as the Cour-t-directs-. The applicant may serve a reply within 30 days after the service of the board’s response.
RULE 4. BAR EXAMINATION
4-10 General Information.
4-11 Florida Bar Examination. The Florida Bar Examination shallwill consist of a General Bar Examination and the *902 Multistate Professional Responsibility Examination (MPRE).
4-12 Requirement to Submit. All individuals who seek the privilege of practicing law in the State of Florida shall-submit temust take the Florida Bar Examination.
4-13 Technical Competence. All applicants seeking admission to The Florida Bar sha&nust produce satisfactory evidence of technical competence through successful-completionby passing all parts of the Florida Bar Examination.
4-13.1 Educational Qualifications.
(a) Eligibility. An applicant may take the MPRE prior to graduation from law school; however, the requirements of rule 4-18.1 are applicable. To be eligible to submit-totake any portion of the Florida General Bar Examination, an applicant must either^
(1) complete the requirements for graduation, or receive the degree of Bachelor of ■Laws-or Doctor of-Jurisprudencebachelor of laws or doctor of jurisprudence, from an accredited law school or within 12 months of accreditation; or,
(2) be found educationally qualified under the alternative method of educational qualification provided in rule 4-13.4.
(b) Proscribed Substitutions. Except as provided in rule 4-13.4, none of the following sha&nay be substituted for the required degree from an accredited law school:
(1) private study, correspondence school, or law office training;
(2) age or experience; or,
(3) waived or lowered standards of legal training for particular persons or groups.
4-13.2 Definition of Accredited. An “accredited” law school is any law school approved or provisionally approved by the American Bar Association at the time of the applicant’s graduation or if graduation is — within 12 months of accreditationthe applicant’s graduation.
4-13.3 [NO CHANGE]
4-13.4 Alternative Method of Educational Qualification.
(a) Applicants Not Meeting Educational Qualifications. For-applicantsAn applicant who does not meetingmeet the educational qualifications in rule 4-13.1, the fell-owing-requirements shall be metmust meet the following requirements:
(1) sueh-evidence as the Boardboard may require that the applicant was engaged in the practice of law for at least 10 years in the District of Columbia, in other states of the United States of America, or in federal courts of the United States or its territories, possessions, or protectorates, and was in good standing at the bar of the jurisdictions in which the applicant practiced; and
(2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, saeh — asincluding pleadings, briefs, legal memoranda, contracts, or other working papers whichthat the applicant considers illustrative of the appli-eanfehis or her expertise and academic and legal training. The representative compilation of the work product sha&nust be confined to the applicant’s most recent 10 years of practice and sha&nust be complete and include all supplemental documents requested.
(b) Deadline for Filing Work Product. To be considered timely filed, the work product sha&nust be complete with all required supplemental documentation and filed by the filing deadline of the General Bar Examination as set out inrequired by rule 4-42. Work product initially filed in *903 complete and perfected after the deadline shaliwill not be considered timely filed. Late or incomplete work product will be given consideration for admission into the next administration of the bar examination for which the deadline has not passed.
(c) Acceptance of Work Product. If a thorough review of the representative compilation of the work product and other materials submitted by the applicant shows that the applicant is a lawyer of high ability whose reputation for professional competence is above reproach, the Boardboard may admit the applicant to the General Bar Examination and accept score reports from the National Conference of Bar Examiners or its designee.
(d) Board Discretion. In evaluating academic and legal scholarship under subdivision (a), the Boardboard is clothed with broad discretion.
4-14 Dates of Administration. The General Bar Examination shaliwill be administered on the last Tuesday and Wednesday of February and July of each calendar year. The Multistate Professional Responsibility Examination is administered in March, August, and November of each year.
4-15 Location of Administration. The General Bar Examination shaliwill be held in such placeslocations in the State of Florida as the Boardboard may from time to time direct. The Multistate Professional Responsibility Examination (MPRE) is administered threeS times each year throughout the country at various colleges and -universitieslocations selected by the National Conference of Bar Examiners ara-dor its designee.
4-16 Publication of Examination Topics and Study Materials. The Board shall-make publicboard will publish the topics upon which applicants shall be ex-aminedincluded on the bar examination and also make such-suggestions for the information and guidance of students as shall — tend to promote their studies. — A» ■informational booklet about Part B — is ■available and — will be provided-with-the ticket of admission.
4-16.1 Part A Examination Study Guide. The Board shallproduceboard will provide a bar examination study guide that includes essay-type questions from tw©2 previously administered General Bar Examinations, sample answers to the essay questions, and sample multiple-choice questions from Part A of the General Bar Examination. The study guide is available on the board’s websiteshall be forwarded upon written- request accompanied by a-fee oh|2g--QQ.
4-16.2 Copies of Essay Answers. The ■Board shall honor an applicant’s request-to obtainboard will provide, on request from an applicant, a copy of his or her answers to essay-type questions from a single General Bar Examination for the period of time from the release of the examination results until the administration of the next examination. The answers shaliwill not reflect any grading marks and shaliwill be forwarded uponon written request accompanied by a fee of $5041©.
4-17 Test Accommodations.
4-17.1 Accommodations. In accordance with the Americans with Disabilities Act, testiest accommodations are provided by the Boardboard at no additional cost to applicants.
4-17.2 Requests for Test Accommodations. Applicants seeking test accommodations because of disability must file a written petition for accommodations accompanied by supporting documentation or such additional information as reasonably may be reasonably required on the forms supplied-by-the-B oard. — The forms are-available on written requestthe board’s *904 website. Receipt of requests for test accommodations and supporting documentation are subject to the deadline and late filing fees applicable to all examinees as set forth in rules 4-42.3 and 4-42.4.
4-18 Time Limitation on Passing Examination.
4-18.1 Twenty-Five Months. An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months of the date of the administration of any part of the examination that is passed. Sho-uMIf an applicant failfails to pass all parts within 25 months of first passing any part, passing score(s) of individual parts older than 25 months are deleted.
4-18.2 Five Years. An applicant’s sue-cessful completion' of-passing scores on the Florida Bar Examination shaltwemainwill be valid for a period of 5 years from the date of the administration of the last part of the Florida Bar Examination that was successfully complotedhe or she passed. If the 5-year5-year period expires without admission, an applicant-shall, except for good cause shown, will be required to retake the Florida Bar Examination and again pass all parts of the examination.
4-2Q-General Bar Examination
4-20 General Bar Examination. A portion of the General Bar Examination shallwill consist of questions in the form of hypothetical fact problems requiring essay answers. Essay questions may not be labeled as to subject matter. Questions may be designed to require answers based upe-non Florida case or statutory law of substantial importance. The General Bar Examination shallwill consist of twe2 parts (A and B). Part A shall consisf-ofwill be a combination of essay and multiple choi-eemultiple-choice questions and Part B shall-eonsist-ofwill be the Multistate Bar Examination (MBE).
4-21 Purpose. The General Bar Examination shallwill test the applicant’s ability to reason logically, to analyze accurately the problem presented, and to demonstrate a thorough knowledge of the fundamental principles of law and their application.
4-22 Part A. Part A shallwill consist of six6 one-hour segments. One segment shall embracewill include the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration Rules-2.051, 2.060, and 2.160. The remaining ⅜¾5 segments, each of which shall-embracewill include no more than twe2 subjects, shallwill be selected from the following subjects including their equitable aspects:
(a) Florida Constitutional-Lawconstitu-tional law;
(b) Federal-Constitutional-Lawfederal constitutional law;
(c) Business Entities.Including Corpera-
tions and Partnershipsbusiness entities including corporations and partnerships;
(d) Wills and' Administration- of Estates-
wills and administration of estates?
(e) Truststrusts;
(f) Real Propertyreal property;
(g~) E~zkle~eevidence;
(h) Tortstorts;
(i) Criminal Lawcriminal law;
(j) Contractscontracts;
(k) Family-LavTamily law;
(l) Chapter 4, Rules of Professional Conduct? of the Rules Regulating The Florida Bar; and
(m) Chapter 5, Rules Regulating Trust Accounts? of the Rules Regulating The Florida Bar.
*905 4-23 Part B. Part B shall consist ofwili be the Multistate Bar Examination (MBE) which is that-examination-offered to the sevei-aBstateseach jurisdiction by the National Conference of Bar Examiners-and designated by that — organization—as—'the Multistate Bar Examination (MBE).
4-23.1 Transfer of Score. A score achieved by an applicant on the Multistate Bar Examination administered in a jurisdiction other than the State of Florida shallwill not be transferred to or recognized by the Boardboard.
4-24 General Bar Examination Preparation and Grading. The Boardboard may utilizeuse the services of expert drafters to prepare bar examination questions, either by arranging for the drafting services of qualified persons, including out-of-state law teachers, or by using the services of the National Conference of Bar Examiners or another national agency. The Boardboard may utilizeuse the services of trained expert readers. Such readers shallReaders will be selected solely upon the qualifications of suehthe individuals and — without'-regard--to the law colleges from which they graduated.
4-24.1 Essay Questions. Every essay question, whether drafted by the examiners or by expert drafters, shallwill be thoroughly briefed on every point of law in the question and the question shall be analyzed and approved by the Boardboard preceding inclusion of the question on the General Bar Examination.
4-24.2 Machine-Scored Questions. Every machine-scored item of Part A must specify authority for the best response, and every such-item and authority should be analyzed and approved by the Board board preceding inclusion of the item on the General Bar Examination.
4-25 Submission Methods. Applicants who submit totake the General Bar Examination shallmust do so for the sole purpose of fulfilling the admission requirements for The Florida Bar. An applicant may elect to submit totake the General Bar Examination by either of the following methods:
(a) Overall Method. Overall method is used only if the applicant takes Parts A and B during the same administration of the General Bar Examination.
(b) Individual Method. Individual method is used if the applicant takes only 1 part of the General Bar Examination. Applicants who elect to take only 1 part of the General Bar Examination under the individual method may not combine a score attained on 1 part from 1 administration with a score on the other part from a different administration. Applicants may not take Part A only using this method unless they have previously taken the Mul-tistate Bar Examination (MBE) in Florida.
4-25,1 — Overall Method, — Overall-method sha-lRbe-utilized-if-the -applicant submits to Parts A and B during the same-administration of the General Bar Examination.
4-25,2 — Individual Method. — Individual ■method — shall-be—utilized-if-the-applicant submits to only one part of the General-Bar Examination. Applicants who elect to submit to only-one part-of-the General-Bar Examination-under-the individual - method may-not- combine a score attained-o-n-one part-irom one administration with a score Qn-the-other-part-from-ivdifierent-admlnis-tration. — Applicants may not submit to Part A only using this method unless they h-ave-previou-sly-ta-ken-the-M-ultistate-B-ar ■Examination-(-MBE)-in-F-loridav
4-25,34-25.1 Retention of Passing Status. If an applicant attains a passing scaled score on only enel part and elects to submit totake the overall method of the General Bar Examination as described above, the previous passing status shallwill not be replaced by a failing status if the *906 applicant fails to achieve a passing score on a subsequent submission effort.
4-26 Scoring Method. Each examination paper produced by an applicant on the General Bar Examination shaliwiil be separately graded. Papers shaliwiil be graded and creditedreported by number and not by applicant’s name. The name of the writer of the examination paper shaliwiil not be revealed by the staff to the members of the Boardboard or readers or any source other than the Supreme Court of Florida. To ensure maximum uniformity in all grading of essay questions, the Board shall utilizeboard will use the services of multiple calibrated readers.
4-26.1 Examination Scaling. The scores of each section of Part A shaliwiil be converted to a common scale by a recognized statistical procedure so that each section shall beis equally weighted. The sum of the converted section scores shall beis the total score for Part A. All total scores attained by the applicants on Part A shall beare converted to the same distribution as their' Multistate Bar Examination (MBE) scaled scores. Multistate Bar ■Examination ■■■(■MBE) scores (Part B) are the sealed scores on the Multistate Bar Examination (MBE) provided by the National Conference of Bar Examiners. Scaled scores shall-beare used in order to ensure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants.
4-26.2 Pass/Fail Line. Effective from July- I,. 2003-until-June — 3(⅛ 2004, each applicant inust-attain-a- scaled- score of 133 or bettor on -P-ar-t-A-and- on-Part B under the individual method- and.an average of -133-or better under the overall method, or such scaled.score-as-may^-be-fixed by the-CourhEffective July 1, 2004, each applicant must attain a scaled score of 136 or better on Part A and on Part B under the individual method and an average of 136 or better under the overall method, or such scaled score as may be fixed by the court.
4-30 Multistate Professional Responsibility Examination. The Multistate Professional Responsibility Examination (MPRE) shall beis the examination offered to the.several-sta-tesiurisdictions by the National Conference of Bar Examiners designated by that--organization as the Multistate Professional-Responsibility Examination- (MPRE).
4-31 [NO CHANGE]
4-32 Applications and Filing Deadlines. Applications for admission into the Multistate Professional Responsibility Examination (MPRE) are distributed by and sballmust be filed with the designee of the National Conference of Bar Examiners that administers the MPRE within the time limitations set by that authority.
4-33 Scoring Method. Each examination paper produced by an applicant on the MPRE shaliwiil be separately graded. The raw score attained by each applicant shaliwiil be converted to a scaled score by the National Conference of Bar Examiners or its designee in order to ensure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants.
4-33.1 Transfer of Score. The applicant sballmust direct requests to transmittrans-fer the score attained on the MPRE to the agency that administers the MPRE. Scores are transmittedtransferred on a certificate supplied by the agency and should-must be forwarded directly by that agency to the Boardboard.
*907 4-33.2 Pass/Fail feteLine. On the MPRE, each applicant must attain a scaled score of 70 or better if the MPRE is taken-before January 1, 1999, a scaled score of 75 or better if the- MPRE-is-taken-during-the-c-alendar year 1999, or. a scaled score-of 80 or better if the MPRE is taken after December 31⅛ 1999, or such scaled score as may be fixed by the Supreme' Gourt-of Floridacourt.
4-40 Application for the General Bar Examination.
4-44 — Exam AppIic-ation-and-Supporting Documents,-The — Exam—Application (Form-1 — A) must be complete, sworn to, notarized, and accompanied-by;-
(a) ■ the appropriate — appl-ieant—filing—fee (application.feej — postponement—fee,—or reapplication fee);-
(b) a current 2" x 2" photograph;
(c-l-one-.-complete-set-oilfingerprints-taken on a card provided'by the Board and certified by an authorized law enforcement officer; and
(d) other supporting documents or additional information as ■ may- be required on ■Form — 1—Ar4-41 Application Requirements. By the applicable filing deadline prescribed in rule 4-42 or the late filing-deadline prescribed in rule 4^43, each applicant desiring to take the General Bar Examination for the first time must submit to the board either the complete Bar Application or, in the case of law student registrants, the Supplement to Registrant Bar Application, the appropriate applicant filing fee, a current 2" x 2" photograph of the applicant, and fingerprints taken on a card provided by the board and certified by an authorized law enforcement officer. By the same date, each applicant seeking reexamination must submit to the board a Reexamination Application as prescribed in rule 4-48. If the photograph furnished by the applicant with the Bar Application or the Supplement to Registrant Bar Application no longer is current, by such date the applicant also must submit to the board a current 2" x 2" photograph of the applicant.
4-42 Examination Filing Deadlines.
4-42.1 February Filing Deadline. Timely applications for admission to the February administration of the General Bar Examination shallmust be postmarked or received not later than November 15 prior to the examination.
4-42.2 July Filing Deadline. Timely applications for admission to the July administration of the General Bar Examination shallmust be postmarked or received not later than May 1 prior to the examination.
4-42.3 Deadline for Test Accommodations. Petitions for accommodations and supporting documentation are subject to the examination filing deadline. Applicants seeking test accommodations are. encouraged tomust file the examination ap-plicationBar Application, Supplement to Registrant Bar Application, or Reexamination Application, petition, and supporting documents by the examination filing deadline to avoid examination late filing fees.
4-42.4 Cutoff for Test Accommodations. To avoid an undue burden on the Boardboard while it is making final preparations for the administration of the bar examination, a minimum amount of time is required for the orderly processing of a request for accommodations. Except for emergency petitions as designated by the Board-board, no request for test accommodations will be processed if postmarked or received after February lJanuary 15 for after Jul-y-l-June 15 for the July Examina-tionexamination.
4-43 Filing After the Deadline. Applicants seeking late filing intofor a General *908 Bar' Examination shallwill be permitted to do so upenon payment of an additional fee as set out below, completion of the Form í-ABar Application, Supplement to Registrant Bar Application, or Reexamination Application,as-appropriate, and receipt of all supporting documents*.
4-43.1 $-100.0(h-If complete application-is postmarked or received ■ on -or-before-December-45 for-the-February-egammafeft or June 1 for-the-JuIy examination, the fee shall be $100.00.$275. If the Bar Application, Supplement to Registrant Bar Application, or Reexamination Application, as applicable, is postmarked or received on or before December 15 for the February examination or June 1 for the July examination, the fee is $275.
4-43.2 $275,0(h- If complete application-is postmarked or-received-on-or-befoi-e-Janu-ary ■ 15 -for the February examination or July — 1—for the July examination, the fee shall be $275.004525. If the Bar Application, Supplement to Registrant Bar Application, or Reexamination Application, as applicable, is postmarked or received after December 15 but on or before January 15 for the February examination, or after June 1 but on or before June 15 for the July examination, the fee is $525. No Bar Application, Supplement to Registrant Bar Application, Reexamination Application, appropriate applicant filing fee, 2" x 2" photograph, or fingerprint card will be deemed to have met the late filing deadline if postmarked after January 15 for the February examination, or after June 15 for the July examination.
4-43=3 — $525,00, If complete application is received on-oi-’-beioro-Febi-uaiy-l^-foi-the Febi-uai-y-ex-aminatio.n-oi-J'.u.ly — 15-for-the July examination — the-iee-shal.l-be.4525^QQ,
4-43,4.$1000.Q0« — I-f—complete-application is- received after-February45..for-the-Feb-ruary examination or-after July -15-for the July examination, the fee shall be $1000.00. T-his-fee-is-pa-y-able-o-nl-y-by-certified check, cashier’s-check-or-money-ordei-,.
4-44 Filing Deadline on Weekend or Holiday. If the examination filing deadline falls on a Saturday, Sunday, or holiday, then the deadline shallwill be extended until the end of the next business day that.is-neither-a-Saturday-,-Sunday, — nor ■holiday.
4-45 Word ProcessingTyping Accommodations. Applicants are permitted the use of a typewriter-laptop computer with software designated by the board to complete answers to the essay porfionsportion of the General Bar Examination. Typewriters with a memory or- any programma-hle-eapaoity-includmg-a-spelling-dictionai.y shall not be permitted. Applicants seeking to use a typewriter shalllaptop computer must complete a form supplied by ■ the Roardavailable on the board’s website and shall pay a fee of $100=00.
4-46 Examination Postponement. Postponement of submission totaking an individual part or to — the entire General Bar Examination shallwill be accommodated uponon receipt of written notice in advance of the General Bar Examination. The date of receipt of notice shallwill define the applicable postponement fee due when refiling for a future examination. Any applicant who files an untimely postponement received after commencement of the General Bar Examination, and any applicant who has been issued a ticket to the examination and who fails to show for that bar examination must reapply under rule 4-48 and pay the $375 reapplication fee.
4-47 Reapplication after Postponement. Applicants seeking to reapply after-postponing as indicated above shallwill be permitted admission into another General Bar Examination upon-theon refiling offil-ing with the board the ExamReexamination Application (Form 1-A) on the form available on the board’s website and re *909 ceipt of the applicable postponement fee. In order to be timely filed, the completed application and appropriate fee must be postmarked or received by the examination filing deadline. If the Form-l-AR-eexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee shall be applic-ablemust be included. The fee payable with the Reexamination Application will be as follows.
4-47.1 $754)0. If the applicant’s written notice of postponement isunder rule 4-46 is received by the board at least 7 days before the commencement of the administration of the postponed examination, athe fee of $75.00 is dueis $75.
4-47.2 $1504)0. If the applicant’s written notice of postponement isunder rule 4-46 is_reeeived by the board prior to but less than 7 days before the commencement of the administration of the postponed examination, athe fee of $150.00 is dueis $150.
4-48 Examination Reapplication. Applicants seeking to repeat all or part of the General Bar Examination, or to submit tetake a second administration of the General Bar Examination, or those who untimely postponed or failed to show for a previous administration of the General Bar Examination, shallwill be permitted admission upon-the-refiling-ef the Exam Application (Form 1-A) on filing a Reexamination Application on the form available on the board’s website and paymentthe receipt of the reapplication fee of $3754)0. In order to be timely filed, the completed applioati-enReexamination Application and fee must be postmarked or received by the examination filing deadline. If the Form 1-AReexamination Application is not postmarked or received on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee shall-be ■applicablemust be included.
4-50 Examination Administration.
4-51 Rules of Conduct. Applicants sfaa-lhnust abide by all rules governing the administration of the General Bar Examination as set out below.
4-51.1 Possession or Use of Unauthorized Materials or Equipment. Applicants shallmust not possess or use utilise any book bags, backpacks, purses, unau-thorizedhats or baseball caps, notes, books, or other study materials, food or liquids, cellular telephones, beepers, watches or clocks with audible alarms, calculators, computers, or other electronic devices in-while taking the examination room without the prior written approval of the board.
4-51.2 Receipt of Unauthorized Aid. Applicants shallmust not use answers or information from other applicants while taking the examination.
4-51.3 Observance of E-xamExamination Start/Stop Announcements. Applicants shallmust not read questions on the examination prior to the announcement to begin the examination nor shalland they must not continue to answer any questions after the announcement to stop because the session has ended.
4-51.4 Observance of Confidentiality of Machine-Scored Questions. Applicants shallmust not remove any multiple-choice, machine-scored examination questions from the examination room or otherwise communicate the substance of any of those questions to persons who are employed by or associated with Bar Review bar review courses.
4-52 Examination Proctors. The Boardboard may seek the assistance of other members of The Florida Bar in proctoring the bar examination.
4-60 Release of Examination Results.
4-61 Confidentiality. No information regarding applicants’ scores shallwill be re *910 leased except as authorized by the -Rules rules or as directed by the Supreme Court of Florida.
4-62 General Bar Examination. The Board shallboard will notify a-11 — peusen-seach person submitting to any part of the General Bar Examination whether suehthe person has passed or failed any or all parts of the examination except those persons any person whose grades have been impounded by the Supreme Court of Florida.
4-62.1 Impoundment of Examination Results. Results of the General Bar Examination shallwill be impounded by the Courtcourt if the applicant fails to pay the full balance of any application or examination late filing fee, or if the applicant is suspected of a violation of the examination administration rules of conduct.
4-62.2 Release of Impounded Examination Results. UponOn submission of documentation that establishes that the applicant has paid all application and late fees, and is determined not to have violated examination administration rules of conduct, up&nand on payment of a $KXhQQ impoundment fee, the Board^-shallboard will request the Com-fcourt to release the impounded grades.
4-62.3 Date of Release. The date for release of the results from the General Bar Examination shall bewill be set by the Courtcourt. At that time1 all applicants who have passed all parts of the examination, but who have not been recommended to the Courtcourt for admission to The Florida Bar shallwill be advised of the status of their bar applicationBar Application.
4-63 Multistate Professional Responsibility Examination. Applicants shallwill be notified by letter whether them Multi-state Professional Responsibility Examination (MPRE) scores transferred to Florida are accepted.
4-64 Investigation of Exam-Related Examination-Related Conduct. If the ■Boardboard has cause to believe that an applicant has violated any of the eligibility or conduct rules relating to the General Bar Examination, the Boardboard may conduct an investigation, hold hearings, and make findingsFindings under the pro-vi&ions-of-rule 33-20.
4-65 Invalidation of ExamExamination Scores. If an applicant is found by the Boardboard after an investigation under rule 3-20 to be in violation of rule 4-13.1, to have made a material misstatement or omission under rule 4-13.4, or to have violated the examination administration rules of conduct in rule 4-51, the results of the Florida Bar Examination shallwill be invalidated. The applicant shallwill not be eligible to submit another work product (if in violation of rule 4-13.4) or submit to another examination for a period of 5 years from the date that the Boardboard delivered its adverse findings Findings or sueh-othei-the period of time as may be set in the Findings.
RULE 5. RECOMMENDATIONS AND JURISDICTION
5-10 Recommendations and Admission. Every applicant who has complied with the requirements of the applicable rules for admission into the Florida Bar Examination, attained passing scores on the examination required, met the requirements as to character and fitness, complied with the requirements of the applicable rules for admission into The Florida Bar, and who is 18 years of age or older shallwill be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar.
5-11 Supreme Court Action. If the Courtcourt is satisfied as towith the quali- *911 fixations of eachtfae applicant so recommended, an order of admission shaliwill be made and entered in the minutes of the courtCourt, and4t-sha-ll-designate the manner in which all-applicants shall-take the oath. The court will designate the manner that applicants will take the oath.
5-12 Induction Ceremonies. Formal induction ceremonies shaliwill be scheduled after each release of grades from the previous administration of the bar examination. The ceremonies shaliwill be held at the Supreme Court of Florida or the First District Court of Appeal and at each of the other District Courts of-Appealdis-trict courts of appeal. Attendance at an induction ceremony is voluntary.
5-13 Oath of Attorney. Any applicant who chooses not to attend an induction ceremony may take the oath before any resident Circuit Judge or other official authorized to administer oaths, such as a notary public. All applicants shallmust present themselves for such-administration of the oath not later than 90 days from the date of notification of eligibility for admission by the Clerk of the Supreme Court of Florida.
5-13.1 Filing of the Oath. An executed copy of the Oath of Attorney must be filed with the Boardboard. Upon receipt of the oath, the Board-shallboard will certify the applicant and the date of admission to the Supreme Court of Florida and The Florida Bar. The Clerk shaliwill maintain a permanent register of all admitted personss© admitted.
5-13.2 Certificate of Admission. The Certificate of Admission and a printed reproduction of the Oath of Attorney shall will be issued upon-receipt ofwhen the duly executed oath and the $224)0 fee for preparation of the certificate and printed reproduction j^ej^ceived.
5-14 Board Jurisdiction after Admission. If, within 12 months of admission of an applicant to The Florida Bar, the Boardboard determines that a material misstatement or material omission in the application process of suchthe applicant may have occurred,-then the Boardboard may conduct an investigation and hold hearings. After investigation and. hearings, the Boardboard may make findings Findings and recommendations as to revocation of any license issued to suchthe applicant and shaliwill file any such find-fegsFindings with the Supreme ■ Court of Florida for final determination by the court.
5-15 Bar Jurisdiction after Admission. If an applicant is granted admission by the Court pursuant tocourt under a Consent Agreement, then the terms and conditions of the.applioant’shis or her admission shaliwill be administered by The Florida Bar. The Board shallboard must provide The Florida Bar access to all information gathered by the Boardboard on a conditionally-admitted applicant, except information received by the Boardboard under a specific agreement of confidentiality or otherwise restricted by law. If the applicant shall-failfails to abide by the terms and conditions of admission, then The Florida Bar is authorized to institute such proceedings as — are- consistent with the Rules Regulating The Florida Bar as to revocation of the license issued to the applicant pursuant — founder the Consent Agreement. The Board shallboard must be notified of any disciplinary proceedings and shall — have access to all information relating to the administration of a conditional admission, except information received by The Florida Bar under a specific agreement of confidentiality or otherwise restricted by law.